THE STATE OF KANSAS ON THE RELATION OF THE ATCHISON, TOPEKA AND SANTA FE RAILROAD COMPANY v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF JEFFERSON.

1. MANDAMUS; *To be Brought in Name of Party in Interest as Plaintiff.* The action of mandamus, as well as every other civil action, should, under the statutes of Kansas, where no special provision is otherwise made, be brought and prosecuted in the name of the real party in interest. (*The State, ex rel., v. Marston*, 6 Kas., 524, 532.)

2. ——— *Dismissing Action.* Where an action of mandamus was brought in the name of the State of Kansas, on the relation of a railroad company, and the state had no interest in the result of the action, and the railroad company was the real party in interest, and the defendants moved that the action should be dismissed because it was not brought in the name of the real party in interest, *held*, that the motion should be sustained.

*Original Proceedings in Mandamus—Motion to Dismiss.*

THE only question decided in this case is one of practice. Upon the filing of the petition an alternative writ of mandamus was issued and served, whereupon the defendants, the *Board of Commissioners*, appeared and filed a motion to quash said writ, and dismiss the action, "because the action is prosecuted in the name of *The State*, and such prosecution is without authority from the attorney-general, and should be in the name of the relator as plaintiff."

*Thacher & Stephens*, for defendants, in support of the motion. *Martin, Burns & Case*, for the relator, contra.

The opinion of the court was delivered by

VALENTINE, J.: This is an original proceeding in mandamus, brought in the name of *The State of Kansas* on the relation of the *Atchison, Topeka and Santa Fe Railroad Company* against the *Board of County Commissioners of Jefferson County*, to compel said county commissioners to issue certain bonds of said county to said railroad company. The defendants move to dismiss the action, because the affidavits, motion, and alternative writ show that *The State of Kansas* has no interest in the result of the action, and because it does not appear from any of the proceedings that the railroad company have any right to prosecute the action in the name of the state. It is admitted on the part of the railroad company that the state has no interest in the result of the action, and that the railroad company have no right to prosecute the action in the name of the state, or to use the name of the state as plaintiff, unless they have such right by virtue of this being a proceeding in mandamus, and by virtue of the railroad company being the relator therein. We think the motion to dismiss the action should be sustained. The action of mandamus, as well as every other civil action, should under the statutes of Kansas, where no special provision is otherwise made, be brought and prosecuted in the name of the real party in interest. (*The State, ex rel. Wells, v. Marston*, 6 Kas., 524, 532.) It will be conceded that this was not the rule with regard to mandamus at common law. At common law the proceeding by mandamus was in no sense an action by the relator. Neither the writ nor the return was in any case nor in any sense a pleading. No issues of fact were raised by the writ and the return. No trial could be had in the case; and no final judgment could be rendered therein between the parties—the relator and the respondent. The writ, whether alternative or peremptory, was merely a writ, and nothing more. It was purely a prerogative writ, solely within the discretion of the court, (never a writ of right,) and was issued in the king's name, or in the name of the sovereign

authority, commanding some particular act to be done. The return was merely an answer made by the respondent to the writ, stating that he had performed the act, or giving some excuse or justification why he had not performed it. It was never a pleading, and could never be traversed or controverted by the relator, or by any one else, but was always taken as absolutely true, however false it might be in its statements of fact. The only remedy that the relator had when he wished to controvert the truth of the return was to institute a separate and independent action on the case for a false return. In such an action the relator became the plaintiff, the respondent became the defendant, the proper pleadings were filed by the parties, the proper issues were made up, the proper trial was had, and the proper judgment was rendered in the action between the parties. If the judgment was for the plaintiff, he recovered his damages and costs, (Tidd's Practice, 949,) and the court then issued a peremptory writ of mandamus against the defendant. If the judgment was for the defendant he recovered his costs. The law of mandamus as hereinbefore stated, and the subsequent action on the case for a supposed false return, was the law in England down to the passage of the statutes of 9 Anne, c. 20; which statutes, together with the subsequent statutes passed in England regulating the proceeding by mandamus, form no part of the common law in this country. (*K. P. Rly. Co. v. Nichols, Kennedy & Co.*, 9 Kas., 252; Comp. Laws of 1862, page 678; Gen. Stat. of 1868, page 1127, § 3. For the common law of mandamus see Bacon's Ab., *Mandamus;* Comyn's Dig., *Mandamus;* Jacob's Law Dic., *Mandamus;* Stephen's Nisi Prius, *Mandamus.*) But this old common-law mode or procedure for mandamus has been materially changed by statute, not only in Kansas but in nearly every other state, and in England. The present action of mandamus is not only the old common-law proceeding of mandamus, but it is also the old common-law action on the case for the false return. It is the two proceedings combined. The alternative writ is now not merely a writ, as formerly, but it is also

a pleading. The return is now not merely a response to the writ, as formerly, (which return could not formerly be traversed or denied,) but it is also a pleading; and the facts therein stated may now be controverted the same as they may on any other pleading. Issues are now made up by the writ and the return. A trial may be had on such issues, and judgment rendered for the plaintiff, or for the defendant, the same as in any other civil action; and the action is now considered almost as much an action of right as any other civil action. But little now rests in the discretion of the court. (*Napier v. Poe*, 12 Geo., 170, 178; *Harrington v. Berkshire Co.*, 22 Pick., 263, 268.) In fact, the proceeding by mandamus is now under existing statutes nearly everywhere in England and America considered as a *civil action* by and between the real parties thereto — the relator and the respondent, (*Kendall v. Stokes*, 3 How. U. S., 100; *Arberry v. Beaver*, 6 Texas, 457, 464; *Wells v. Marston*, 6 Kas., 524, 532,) who are denominated the plaintiff and the defendant. (See the reports of nearly all the states.) In the most of the states the action is now *entitled* by making the relator the *plaintiff*, and the respondent the *defendant*, and the action is prosecuted in the name of the relator as plaintiff, and not in the name of the state, as formerly, if the reports of adjudicated cases are correct. The states of Illinois, Michigan, New York, South Carolina, Wisconsin, and possibly a few other states, constitute *an exception* to the general practice of the present day. Our statutes everywhere seem to recognize the present proceeding by mandamus as a *civil action*, with the relator as the plaintiff, and the respondent as the defendant. See the statutes cited in 6 Kas., 532, 533, and also the following section of the civil code:

"SEC. 698. A recovery of damages, by virtue of this article (mandamus,) against a party who shall have made a return to a writ of mandamus, is a bar to *any other action* against the same party for the making of such return." (Gen. Stat., 767.)

And as our action of mandamus has absorbed and swal-

lowed up the old common-law action on the case for the supposed false return to the writ, such action on the case is now abolished by said § 698, and a respondent is now no longer liable to a separate action for making such return.

But even if our statutes did not *expressly* recognize the present action of mandamus as an action, could it even then be contended that it was not an action? We think not. Will it be contended that the action on the case when united with the proceeding of mandamus is dwarfed down to a mere special proceeding? Will it be contended that the two proceedings, when united, are not entitled to the rank or dignity that one of them alone possessed before the union? We think not. As one of them alone before the union was an action, we think the two together, after the union, are undoubtedly entitled to the rank of an action, and constitute an action. Now as the principal and substantial portion of our action of mandamus is the same as the old common-law action of case for a false return, which mode of procedure should we follow, that of *mandamus,* or that of *case?* In the absence of statutory provisions prescribing which mode we should follow we should probably follow that of case where the two differ. But we are not left to grope our way in the dark in this respect. The statutes provide that "every action shall be prosecuted in the name of the real party in interest," etc.; (code, § 26;) that the writ of mandamus "may issue on the information of the party beneficially interested;" (code, § 689;) that "*the party complaining shall be known as the plaintiff,* and the adverse party the defendant;" (code, § 11.) And all our statutes,* whenever they mention the relator, and respondent in an action of mandamus always mention them as plaintiff and defendant and never as relator or respondent; (code, §§ 690, 693, 695, 697;) and the state is never anywhere in all our statutes mentioned as the plaintiff in such an action. But we can and do substantially

---

[*There is one exception. Actions of mandamus authorized by chapter 79, laws of 1871, "providing for contesting county-seat *elections,* and all *elections* other than those held for choosing public officers," are, by § 4 of said ch. 79, required to be prosecuted in the name of The State. Laws of 1871, pp. 190, 192.—REPORTER.]

follow both modes of procedure. The writ of mandamus, as we have heretofore stated, was formerly considered merely as a writ; but now the alternative writ is considered both as a writ and as a pleading. As a writ it must still issue in the name of the state, (the sovereign authority,) for all processes both civil and criminal, such as summonses, attachments, subpœnas, executions, warrants, etc., must so issue. That is, "The style of all process shall be 'The State of Kansas.'" (Kas. Const., art. 3, § 17.) But as a pleading, said writ is governed by the rules which govern all other pleadings in civil actions. (Code, § 696.) It is so pre-eminently a pleading that the plaintiff himself must prepare the writ before it is allowed by the court, or issued by the clerk. (*Jones v. The Auditor*, 4 Ohio St., 493.) The alternative writ must run in the name of the state, like a summons in an ordinary civil action, for such writ performs the office of a summons, summoning the defendant into court. The peremptory writ must also run in the name of the state, for it performs the office of an execution, being the final process in the case, and being issued to carry out the final determination of the court. But the alternative writ, as a pleading, should be entitled showing who are the parties to the action, making the prosecutor or relator the plaintiff, and the respondent the defendant. The action, and all the proceedings therein, should also be entitled in the same manner, except possibly where the peremptory writ of mandamus is asked for and, allowed in the first instance. This would seem to be the practice in the most of the states of the Union. (See reports of adjudicated cases.) In Iowa and California it has been expressly decided that the action of mandamus must be prosecuted in the name of the real party in interest, and not in the name of the state where the state has no interest in the result of the action. (*Bryan v. Cattell*, 15 Iowa, 538, 541, 542; *People v. Pacheco*, 29 Cal., 210, 215.) The California case is a strong case. Under the statutes of this state no private person has any right to use the name of the state to prosecute any civil action. Neither has any public officer

any such right, unless specifically authorized so to do by statute. (*State v. Anderson*, 5 Kas., 90.) And in every action or proceeding, civil or criminal, prosecuted in this court, in which the state is a party or interested, the attorney-general is bound by law to appear, and prosecute or defend for the state. (Gen. Stat., 986, § 64.) Therefore, if this action or proceeding is rightly brought in the name of the state as plaintiff, then the attorney-general is bound by law to prosecute the same, although the state may have no possible interest whatever in the controversy. If this action is rightly brought, then the state furnishes or may furnish counsel for one of the litigants in a purely private controversy. In this state no judgment can be rendered in favor of the relator in mandamus in any case unless the relator is also the plaintiff. Every judgment in mandamus must be rendered in favor of either the plaintiff or the defendant. In the case at bar the relator is neither the plaintiff nor the defendant. The state is the plaintiff, and the county of Jefferson is the defendant, and the judgment must be rendered in favor of either one or the other. It cannot be rendered in favor of the relator. But as the state has no interest in the result of the action, the judgment cannot be rendered in favor of the state. Therefore, in whatever aspect we may view the case, the judgment must be rendered in favor of the defendant. Section 697 of the code provides for rendering judgment in mandamus as follows: "If judgment be given for the *plaintiff*, he shall recover the *damages* which *he* shall have sustained, to be ascertained by the court or jury, or by referees, as in a civil action, and costs, and a peremptory mandamus shall be granted *to him* without delay." (Gen. Stat., 767.) Would such language be used if the state were always to be made the plaintiff in an action of mandamus? On the one hand it is not very proper to use the personal pronouns "he" and "him" for the state to grant a peremptory mandamus to *him* (the state,) when the state is in no need of such a writ, and in fact not entitled to it, and to speak of "the damages which *he* (the state) shall have sustained" in an action in

which the state could not possibly have sustained any damages. On the other hand, it would not be very proper to speak of the relator as the plaintiff in an action in which, as it is claimed, the relator can never possibly be made the plaintiff. For a further and equally improper use of language, if the relator is in fact never to be made a plaintiff, (as the relator in this action claims,) see civil code, § 695, Gen. Stat., 767. In Ohio the practice is not uniform. It has there been decided that an action of mandamus may be prosecuted in the name of the state on the relation of some private person. (*State, ex rel. Huston, v. Comm'rs of Perry County*, 5 Ohio St., 497.) This decision has been followed by counsel in Ohio in many instances. But in many other cases the action has been prosecuted in the name of the relator, the real party in interest, the party beneficially interested, and not in the name of the state. Some of said last-mentioned cases may be found as follows: 1 Ohio St., 30, 77, 149, 322; 4 Ohio St., 493; 5 Ohio St., 589; 6 Ohio St., 319; 7 Ohio St., 278, 450; 8 Ohio St., 201; 16 Ohio St., 38; 21 Ohio St., 311. Neither has the practice been uniform in Kansas. In some of the cases counsel seem to have followed the old common-law rule for mandamus, without reference to our statutes, or to have followed the decision in 5 Ohio St., 497, or to have followed the practice in the state from which such counsel emigrated. But in other cases counsel have followed our own statutes. In some of the most important cases of mandamus that have ever been brought in this court, in fact in the two most important of such cases, in which able counsel were employed on both sides, the actions were prosecuted in the name of the relator as plaintiff and not in the name of the state. (*The Land Grant Rly. & Tr. Co. v. The Board of Comm'rs of Coffey County*, 6 Kas., 245; and *The Land Grant Rly. & Tr. Co.*, and *The U. P. Rly. Company, Southern Branch, v. The Board of Comm'rs of Davis County*, 6 Kas., 256.) The motion of the defendants must be sustained and this action dismissed. All the Justices concurring.

[After this order of the court was made the title to the

6—11 KAS.

action was amended by consent of the parties, and further proceedings were had, and the action is still pending in this court.]