M. S. SMALLEY v. L. R. YATES, *as Mayor of the City of Hiawatha, et al.*

1. MANDAMUS, *Lies When.*   Mandamus lies in all cases where the plaintiff has a clear legal right to the performance of some official or corporate act by a public officer or corporation, and no other adequate, specific remedy exists.

2. MANDAMUS, *When a Proper Remedy.*   When a person desires to be placed in the possession of a right illegally and unjustly withheld from him, the writ of mandamus is a proper remedy to give the thing itself, the withholding of which constitutes the injury complained of.

3. WATER-WORKS BONDS, *City, When Compelled to Issue.*   Where a city of the second class, through its mayor and council, enters into an agreement to execute and deliver to a lawful purchaser thereof certain water-works bonds of the city, which have been duly carried by a vote of the electors of the city, and the purchaser of such bonds fully complies with all of the terms of the agreement upon his part, and the mayor and council refuse to comply with their official duty in that respect, *held,* mandamus will lie to compel the mayor and council to execute and deliver the bonds to the purchaser of the same according to the terms of the agreement of the parties.

### Original Proceedings in Mandamus.

ON March 11, 1887, Mr. Justice VALENTINE allowed and indorsed the following alternative writ of mandamus:

"*To the said Mayor and Council of the City of Hiawatha, in the State of Kansas, and the said Frank J. Thomas, Clerk:* Whereas, it has been suggested to us that the city of Hiawatha, being a city of the second class, did duly submit to the electors of said city of Hiawatha a proposition to vote fifty thousand dollars of thirty-year bonds, to bear interest at

the rate not to exceed six per cent. per annum, payable semi-annually, to pay for the erection of permanent water-works and laying of water-mains for the use of said city of Hiawatha, and that the said electors of said city of Hiawatha did, at an election duly called and held in said city on the 20th day of December, 1886, vote upon said proposition, and that afterward said vote was duly canvassed and said proposition declared duly carried; and whereas, it has been further suggested to us that the said city of Hiawatha did offer said bonds in the sum of fifty thousand dollars, bearing interest at the rate of six per cent. per annum, to the public for sale, upon sealed proposals to be opened on the 21st day of February, 1887, at eight o'clock P. M. on said day, reserving the right to reject any and all bids so contained in said sealed proposals; and whereas, at the time said sealed proposals were to be opened under said order, the mayor and council met in regular session to open the same, and found that no sealed proposals had been submitted; and thereupon the said council, being then and there in regular session, decided then and there to offer said bonds at public auction to the highest bidder; and upon the offer of the said bonds to the highest bidder, the said plaintiff made a proposition to the said council to take the said fifty thousand dollars of bonds, provided for by the submission and vote aforesaid, to bear interest at the rate of five and one-half per cent. per annum, payable semi-annually; that the said mayor and council, being then and there in regular session, rejected all bids made for the said fifty thousand dollars of bonds, to bear interest at the rate of six per cent. per annum, payable semi-annually, and upon the resolution of said body in such session, offered said fifty thousand dollars of bonds to bear interest at five and one-half per cent. per annum, payable semi-annually, to the highest bidder for cash; that thereupon, several bids were made for said bonds, and the highest bid for said bonds was made by the said plaintiff, to wit, the sum of forty-nine thousand one hundred and sixty-nine and fifty one-hundredths dollars, for said fifty thousand dollars of bonds, provided for in said vote and submission, to bear interest at the rate of five and one-half per cent. per annum, payable semi-annually; and the said bonds were thereupon by said mayor and council, in such session, declared sold to the said plaintiff;

"And whereas, the said plaintiff, as such bidder, was required to furnish printed or engraved forms of said bonds, at his expense, for execution, which said form of bonds was to

be inspected and approved or disapproved by the said mayor and council, and upon his furnishing a form of bond, approved by said mayor and council, the said mayor was authorized and directed to issue said bonds, and the same were to be attested by said city clerk, with the seal of the city attached, and were to be delivered to one C. H. Janes, as custodian, to be held by said C. H. Janes until the said purchaser should within a reasonable time pay into the said city treasury the said forty-nine thousand one hundred and sixty-nine and $\frac{50}{100}$ dollars;

"And whereas, it has been suggested to. us that the said plaintiff has furnished to the said mayor and city council an engraved form of bonds, in due, regular and proper form, such as is provided for by law, and by the vote and submission aforesaid, with coupons attached, in numbers sufficient to execute the said fifty thousand dollars of bonds, to bear interest at the rate of five and one-half per cent. per annum, with proper coupons attached, and that the said mayor and city council have refused and do now refuse to inspect said bonds, and to pass upon, approve or disapprove the same, or to indicate in anywise to the said plaintiff wherein, if at all, said bonds are defective, so that he may supply under said order for execution a form of bonds and coupons in conformity with the wishes and requirements of said mayor and city council;

"And whereas, it has been further suggested to us that the said mayor, L. R. Yates, and the said Frank J. Thomas, city clerk, acting in concert with the said mayor and city council, and in wrong of the said plaintiff, and in violation of his vested rights, and in violation of the plain and manifest duty devolving upon them, have refused and do now refuse to execute said bonds, to wit, the said fifty thousand dollars of bonds and coupons, bearing interest at the rate of five and one-half per cent. per annum;

"And whereas, the said council, in violation of their plain. manifest duty, have refused and do now refuse to receive, inspect and approve said bonds as to form;

"And whereas, it has been further suggested to us that the said Smalley has tendered and doth now tender the said sum of forty-nine thousand one hundred and sixty-nine and $\frac{50}{100}$ dollars to the said city of Hiawatha, and is ready and willing to pay the same into the treasury of the said city of Hiawatha:

Now, therefore, we being willing that full and speedy justice should be done in the premises, do command you, the mayor

and the said council of the said city of Hiawatha, immediately upon the receipt of this writ, to receive and inspect said bonds; and to approve or disapprove the same, in matter of form; and to indicate wherein, if at all, said bonds are in any wise defective in form, so that the said plaintiff may supply such bonds as shall meet your full approval in form, to be executed on behalf of the said city of Hiawatha as hereinafter provided. And we do command you, the said L. R. Yates, mayor, and the said Frank J. Thomas, city clerk, to execute the bonds aforesaid in due and regular manner, namely, by the signature and attestation of said clerk, with the seal of said city of Hiawatha attached; and that you thereupon deliver said bonds into the keeping of the said C. H. Janes, custodian; and that, upon the payment into the city treasury of the city of Hiawatha of the said sum of forty-nine thousand one hundred and sixty-nine and $\frac{50}{100}$ dollars by the said plaintiff, you forthwith make the necessary order upon the said custodian for the delivery of the said bonds to the said M. S. Smalley; and that you appear before the judges of the supreme court, at their regular place of holding court, on the 5th day of April, 1887, at 2 o'clock P. M. of the said day, and show cause why you have not obeyed this writ; and have you then and there this writ, with your return thereon of having done as you are hereby commanded."

The defendants filed their motion to quash and set aside the alternative writ of mandamus, upon the ground that it does not state facts sufficient to entitle the plaintiff to the remedy. Motion heard April 8, and denied at the May, 1887, session of the court.

*Rossington, Smith & Dallas*, for plaintiff.

*C. W. Johnson*, and *Johnson, Martin & Keeler*, for defendants.

The opinion of the court was delivered by

HORTON, C. J.: It is contended that the plaintiff is not entitled to the relief demanded in the alternative writ, for the reason that he is attempting to enforce the provisions of a contract between the city of Hiawatha and himself, and that if any contract exists as he alleges, he has a plain and adequate remedy at law, either by an action for damages or a proceeding

in equity for a specific performance of the contract. Under the allegations of the writ, there has been an agreement entered into between the plaintiff and the mayor and the council of the city of Hiawatha. Under this agreement the plaintiff is the purchaser of the bonds in dispute. If all of his allegations are true, he is entitled to receive them. It is the official duty of the mayor and the council to carry out the contract and issue the bonds. When these officials refuse to carry out the contract entered into by them, for the sale of the bonds, they are guilty of a breach of official duty.

It is well settled that the writ of mandamus lies in all cases where the plaintiff has a clear legal right to the performance of some official or corporate act, by a public officer or corporation, and no other adequate, specific remedy exists. (Civil Code, § 688; *Railroad Co. v. Comm'rs of Clinton Co.*, 1 Ohio St. 77; *The State, ex rel., v. Comm'rs of Jefferson Co.*, 11 Kas. 67; *A. T. & S. F. Rld. Co. v. Comm'rs of Jefferson Co.*, 12 id. 127; *The State v. Mo. Pac. Rly. Co.*, 33 id. 176; High Ex. Rem., §§ 17, 333; *People v. Mayor*, 10 Wend. 245; *Van Rensselaer v. Sheriff*, 1 Cow. 501; *Railroad Co. v. Wisdom*, 5 Heisk. 125.) Moses on Mandamus, p. 14, lays down this as the rule:

"It will therefore be observed, that it is one of the remedies resorted to when a person desires to be placed in possession of a right illegally and unjustly withheld from him. It does not award damages as a compensation for an injury, but it seeks to give the thing itself, the withholding of which constitutes the injury complained of.

Within *Railroad Co. v. Comm'rs of Jefferson Co.*, supra, and the authorities cited, the ordinary remedies of the law are insufficient for the proper enforcement of the rights claimed by the plaintiff. There is no legal remedy, other than by mandamus, by which he can obtain the identical bonds contracted for. He desires the execution and the possession of these bonds; and if the contract has been completed, as he alleges, the execution and delivery of these bonds by the defendants is an official duty imposed upon them by their contract.

The writ recites that the mayor and council, while in session, sold the bonds to the plaintiff; therefore the objection, that the writ fails to show the concurrence of the mayor in the contract, is not well taken. There is nothing in the writ tending to show that the mayor and city council were required by any ordinance to offer the bonds for sale by sealed proposals, or that the officials transcended their power in entering into the contract. (Comp. Laws of 1885, ch. 19, art.1, § 4.)

The authority given to issue bonds bearing interest at a rate not to exceed six per cent. per annum, empowers the defendants to issue bonds bearing interest at the rate of five and one-half per cent. Ordinarily, the authorized officials of a municipal corporation may bind it by resolution, or by vote clothe its officers with power to act for it. Our attention has not been called to any section of the "act to incorporate cities of the second class" prohibiting the sale of bonds, or other personal property of a city, by resolution. In our examination of the statute, we have found no such limitation or restriction; therefore the contract entered into between the parties to this action, upon the resolution of the city council, as set forth in the writ, is valid. The motion to quash will be overruled.

All the Justices concurring.