W. H. SWARTZ v. J. A. K. LARGE *et al.*

COUNTY BOARD — *Recognition of Member* — *Mandamus.* *Mandamus* will not lie to compel one of the members of a board of county commissioners and the county clerk to recognize a person as county commissioner who has had a judgment rendered against him in a contest proceeding, instituted to determine who was elected to such office, and who has also been ousted from the office by a judgment of the district court in proceedings in *quo warranto.* The peremptory writ of *mandamus* should not issue unless there is a clear and specific legal right to be enforced, and there is no other particular and adequate legal remedy.

*Original Proceeding in Mandamus.*

THE opinion states the facts.

*J. K. Beauchamp,* and *A. M. Mackey,* for plaintiff.

*S. B. Bradford,* and *Carskadon, Cobb & Johnson,* for defendants.

Opinion by GREEN, C.: At the election held on the 4th day of November, 1889, in the third commissioner district of Stevens county, W. H. Swartz and J. W. Spoon were the only candidates for county commissioner; and each received 72 votes. The board of county commissioners, sitting as a board of canvassers, decided the tie by lot, and W. H. Swartz

received the certificate of election, gave bond, took the oath of office, and entered upon the discharge of his official duties. On the 25th day of February, 1890, Spoon commenced contest proceedings against Swartz, under the provisions of chapter 36 of the General Statutes of 1889. On the 3d day of March, 1890, the contest court decided in favor of Spoon, and ordered a certificate of election to be issued to him, which was accordingly done, and he qualified as commissioner, and entered upon the discharge of his duties at the following April meeting of the board. Swartz had a bill of exceptions allowed and took this contest case to the district court, where it is still pending and undetermined. On the 7th day of August, 1890, Spoon commenced an action in *quo warranto* in the district court of Stevens county against Swartz, for the purpose of settling the question as to who was entitled to the office in dispute; this case was decided in favor of Spoon, on the 22d day of January, 1891, and a final judgment was rendered against Swartz, forever enjoining him from setting up any claim or title to the office in question. This case was not appealed from.

On the 20th day of November, 1890, the plaintiff applied for a writ of *mandamus* in this court to require the defendants, one of whom is commissioner and the other county clerk, to recognize him as county commissioner at all the meetings of the board, and at all other times until such office shall become vacant, or until the plaintiff shall be ousted from such office by due process of law. The alternative writ was allowed. The question for our determination is, whether or not the peremptory writ of *mandamus* shall issue. Courts and text-writers have justly considered the remedy by *mandamus* as one of the highest known to our system of jurisprudence, and the peremptory writ issues only when the legal right to be enforced is clear and specific, and no other adequate remedy exists. The writ should never be granted in doubtful cases. If another action is pending in which the same questions may be determined, the court may, in its discretion, refuse *mandamus*. (High, Extr. Rem., § 9,

and cases there cited; Wood, Mand. 17; *Smalley v. Yates*, 36 Kas. 519; *The State v. Mo. Pac. Rly. Co.*, 33 id. 176.) When an office is already filled by a person who has been admitted and sworn, and is in by color of right, a *mandamus* is never issued to admit another person. The proper remedy for the applicant is by proceedings in *quo warranto*. (Moses, Mand. 150; *Bonner v. The State*, 7 Ga. 473; *The People v. Scrugham*, 20 Barb. 302; *The King v. Mayor of Colchester*, 2 Durnford & East's Reports, 259.)

In this case both parties claim the office. The defendant instituted contest proceedings and obtained a decision in his favor. The plaintiff obtained a bill of exceptions, and the case is now pending in the district court of Stevens county. After obtaining a favorable decision in the contest court, the defendant instituted proceedings in *quo warranto* and obtained a judgment in the district court of Stevens county ousting the plaintiff from office. That judgment is a finality, unless reversed, and forever settles the question between the plaintiff and defendant as to who is entitled to the office. The plaintiff says that this suit is brought to compel Large, as commissioner, and Davis, as county clerk, to recognize Swartz as commissioner until the contest case and the action in *quo warranto* can be determined in this court. The extraordinary remedy of *mandamus*, as we have seen, will not lie for any such a purpose.

It is recommended that the peremptory writ be denied, and that this action be dismissed at the costs of the plaintiff.

By the Court: It is so ordered.

All the Justices concurring.