Wilson v. Winfrey.

---

JAMES H. WILSON v. E. L. WINFREY *et al.*

No. 14,374.   (84 Pac. 123.)

SYLLABUS BY THE COURT.

MANDAMUS—*School-land Appraisers—Official Duties.* Where two petitions are pending asking for the sale of the same tract of school-land, one of which requests that it be sold as leased land, and the other to an actual settler, and appraisers are appointed and qualified to appraise the land as leased land, they cannot be compelled by mandamus to act as appraisers under the other petition.

Original proceeding in mandamus. Opinion filed December 9, 1905. Writ denied.

*Fred Robertson,* and *W. S. Langmade,* for plaintiff.

*D. O. Bye,* county attorney, *J. P. Noble,* and *T. M. Noble,* for defendants.

The opinion of the court was delivered by

GRAVES, J.: This is an application for a writ of mandamus requiring the defendants to appraise certain school-lands in Rawlins county. It is claimed

that the defendants have been appointed to perform this duty, but refuse so to do.

The defendants say in their return to the alternative writ that they have performed the duty devolving upon them as appraisers, and do not feel authorized to comply with the demands of the plaintiff. The case has been submitted upon an agreed statement of facts, from which it appears that on January 7, 1901, the land was school-land and was on that day leased for five years. On June 11, 1904, the lessee paid all rent due and to become due under his lease, the lease was canceled, and he abandoned the premises. On the same day the plaintiff entered upon the land as a settler, and has erected improvements thereon, and is apparently entitled to purchase as a settler.

In January, 1904, while the lease on the land was in full force and effect, a petition was filed with the county superintendent requesting that the land be sold as leased land. Such sale would have taken place one year after the publication of notice of the filing of the petition. Publication thereof was first made January 15, 1904. On December 16, 1904, the plaintiff filed a petition to have the land appraised, so that he could apply to become the purchaser thereof as an actual settler. On the 21st day of January, 1905, the county superintendent appointed the defendants to appraise the land as leased land under the petition filed in January, 1904, of which publication had been made.

The order by which these appraisers were appointed expressly directed them to appraise the land at its real value, which is the rule where the land is to be sold as leased land—that is, subject to the lease. When the appraisers went to view the land the plaintiff requested them to appraise the land and the improvements separately, which is the rule when the land is to be sold to an actual settler, but they refused so to do. The appraisers reported their appraisement as directed, and filed the same in the probate court. The plaintiff afterward requested them to make an ap-

praisement of the land and the improvements separately, which they refused and still refuse to do, and he now asks this court to compel the defendants to make such appraisement.

Apparently the plaintiff is a settler on the land and entitled to purchase the same as such. No steps seem to have been taken, however, to perfect that right. No appraisers have been appointed under his petition to make the appraisement which the law requires. The defendants have no authority under their appointment so to do.

Mandamus will not lie to enforce the performance of official duty unless the duty sought to be enforced be clearly one that is incumbent upon such officer to perform. (19 A. & E. Encycl. of L. 725; *National Bank v. Hovey,* 48 Kan. 20, 28 Pac. 1090; *Swartz v. Large,* 47 Kan. 304, 27 Pac. 993; *Cassatt v. Comm'rs of Barber Co.,* 39 Kan. 505, 18 Pac. 517.) It was not the duty of the defendants to make the appraisement desired by the plaintiff. They have fully performed the duty required of them under their appointment.

If the plaintiff has any remedy by mandamus it is to compel the appointment of appraisers to make the appraisement desired. The writ is denied.

All the Justices concurring.