No. 34,469

Fall River Township, *Appellee*, v. W. D. Pratt, *Appellant*.

(96 P. 2d 664)

Opinion filed December 9, 1939.

*W. H. Edmundson*, of Fredonia, for the appellant.

*E. D. Mikesell*, of Fredonia, for the appellee.

The opinion of the court was delivered by

Thiele, J.: This was an action to recover amounts due on a contract for road improvements, and from a judgment against him the defendant appeals. The following statement will help explain the action.

The defendant resides within the plaintiff township in Wilson county, Kansas, and owns a ranch in Elk county, the east line of the ranch being the line between the two counties. Running directly east from the ranch and in order are sections 23 and 24, township 29, range 13, and section 19, township 29, range 14; and just south of these sections are sections 26 and 25, township 29, range 13 and section 30, township 29, range 14, all in Fall River township. Prior to the events hereafter mentioned no east-and-west road had been opened between sections 23 and 24. To the east, between sections 24 and 19 on the north and sections 25 and 30 on the south, a township road was in existence, but was poorly maintained and not much traveled.

Omitting allegations not now important, plaintiff's amended petition alleged that on July 13, 1935, the defendant, desiring to have a public highway to connect his ranch with the existing highway one mile to the east, petitioned the county commissioners to lay out, open and improve a public highway along the south side of section 23, and on view the county commissioners denied the petition; that thereafter defendant proposed to the township board of Fall River

township that the township build the road, and that board concluded the proposed road was not of sufficient public benefit to warrant the expense and refused; that thereafter defendant, because of the financial benefit and personal convenience it would be to him, told the township board that the proposed road heretofore described could be combined with the improvement of the two miles of township road above mentioned, and constructed as a Works Progress Administration project if Fall River township would sponsor the project and it would not cost it anything, as he would pay for all material and work which the township would have to furnish if it sponsored the project, and that pursuant thereto defendant entered into contracts with the township. The first was a memorandum which stated it was to be supplemented by one prepared by a lawyer agreeable to the township board. The second read:

"NEW ALBANY, KANSAS,
December 31, 1935.

"AGREEMENT

"Between W. D. Pratt and the Township Board of Fall River Township wherein W. D. Pratt agrees to pay any and all of sponsor's part of expense in connection with W. P. A. project for three miles of road work in Fall River township, said roads being numbered 83, 60 and 62 in said township, except ninety-six hours for grader and tractor which trustees are to furnish, but it is also agreed Pratt is to pay on this $100 for labor and gasoline to said Fall River township; said township to maintain road after its completion.

"This agreement to be binding on the heirs, executors, administrators and assigns of said W. D. Pratt.

"This agreement executed in duplicate on this the 31st day of December, 1935.                                        "W. D. PRATT,
Party of the First Part.
TOWNSHIP BOARD OF FALL RIVER TOWNSHIP.
By   A. P. LINDELOW, Trustee,
ELVIN BUTNER, Treasurer,
"Exhibit B.                                        J. R. WHARTON, Clerk."

That pursuant thereto and by reason thereof the plaintiff sponsored the project and the three miles of road were improved; that the Works Progress Administration, acting as sponsor's agent, prepared estimates of the labor, material, etc., that would probably be required, copies being attached to the petition; that in the performance of the project the plaintiff furnished materials and paid for services the sum of $464.88, an itemized statement being set forth; that the amount was due and unpaid. In a second cause of action the township sought recovery of $72.50 for use by defendant of the

township's machinery in constructing a private pond on defendant's ranch. The prayer was for judgment for the two sums.

We shall refer to the estimate of costs, etc., only to say they refer specifically to the three miles of road, estimate the sponsor's contribution will be $998.63, and show that at the time the proposal was made it was stated that surveys had been completed, as well as final plans and specifications.

The gist of defendant's answer was that his agreement was that he would sponsor the project as submitted in the aggregate of $998.63 and pay the further sum of $100 for labor and gasoline used in operation of the tractor and grader; that, without consulting him, plans and specifications were changed by plaintiffs and additional expenses incurred without his consent. He alleged he had fully complied with his part of the agreement and was not indebted. By way of offset he alleged he had furnished certain tools which had not been returned to him, and certain materials (apparently claimed excesses) and he sought to have $175.91 offset against any amount due from him.

At the trial considerable evidence was offered from which it appears that actually there was not much dispute as to what occurred. Defendant did not dispute the articles of material and service were not actually used, only that they exceeded the estimate made before the project was commenced and he had not agreed to any changes; that the tractor was used more than ninety-six hours, although it appears inferentially he did not pay at all for its use; that more wire and posts for fences were used than the specifications called for. He stated he had agreed to the substitution of gravel for shale to cover the road and that it doubled the cost of that item. The abstract does not disclose any evidence in defense of plaintiff's second cause of action.

The trial court, after hearing the testimony, rendered judgment in favor of plaintiff for the full amount prayed for. Defendant's motion for a new trial was overruled and this appeal followed.

Appellant complains of the admission in evidence of a document referred to as the "white paper" which seems to have been directions from the county engineer to the W. P. A. foreman. The objection now made is that defendant had never seen it and that it was not a part of the plans and specifications nor attached to the proposal. It may be here observed the abstract does not show any objection to its being received. It shows an estimate of quantities of ma-

terials and labor to be used. Appellant's argument seems to be that because of it the highway was widened, thereby increasing the cost. The result does not follow. The proposal called for grading, drainage and surfacing of three miles of road. There is no dispute that everyone involved knew one-third was new construction, and the defendant himself testified the remainder was in bad condition; when the contract was made the plans and specifications were complete, but all items of cost were clearly estimates and not final. It does not appear that appellant was prejudiced even had he made timely objection.

Without going into detail, it may be said the remainder of appellant's contentions center around the proposition that more materials were used and more work was done than the proposal called for, and therefore the contract was so indefinite that defendant, who only contracted to pay the debt of another, should not be held liable. The contentions cannot be sustained from the record. The proposal, in all its parts, indicates that the itemized costs of labor and material, and the sponsor's share thereof, are estimates only. The defendant's contract was made after the estimates were prepared. In that contract he did not limit his liability to the estimated sponsor's contribution to the project. On the contrary he agreed to pay "any and all of sponsor's part of the expense," etc., and it is a balance of that part which appellee sought to recover. Plaintiff's evidence sustained its contention. Defendant did not sustain his contention the plans and specifications were changed to cover additional work not originally contemplated, nor did he show the materials furnished and the work done were beyond the terms of the proposal.

We discern no error in the trial court's judgment, and it is affirmed.