No. 35,530

W. D. PRATT, *Appellee,* v. THE TOWNSHIP BOARD OF HIGHWAY COMMISSIONERS OF FALL RIVER TOWNSHIP et al., *Appellants.*

(125 P. 2d 357)

Opinion filed May 9, 1942.

*E. D. Mikesell,* of Fredonia, argued the cause for the appellants.

*T. D. Hampson* and *W. H. Edmundson,* both of Fredonia, argued the cause for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was a mandamus action wherein the plaintiff asked that the defendant board be ordered to repair and improve three miles of road. Judgment was for the plaintiff. Defendants appeal.

An alternative writ was issued by the trial court. This writ set out the residence and official character of the parties, the location of the three miles of road in question, and that it was the duty of the defendant officers to procure tools and materials for the construction of the highway in question; that it had been made to appear that this highway was impassable as a result of the neglect and refusal of defendants to reconstruct and repair it and that notice had been given defendants of the condition of the road.

The defendants were ordered if the funds were available to proceed to repair the road and make it fit for travel in all kinds of weather, and if funds were not available to take whatever action was necessary to procure such funds or to show cause why they had not done so.

The defendants filed an answer in which they admitted, first, the allegation as to the parties, but alleged that the plaintiff was without legal capacity to bring the action; and that it was an attempt to prevent defendants from exercising their discretion in the repair and maintenance of highways in the township and that the road in question was in as good a state of repair as the limited funds at the disposal of the defendants would permit, considering the requirements for funds in the construction of other highways in the township.

The case was submitted to the trial court, which made detailed findings of fact and conclusions of law. About some of those findings there is no dispute. The west boundary line of Fall River township is also the west line of Wilson county. The plaintiff owns a pasture in Elk county, just west of Wilson county, where during the winter months since 1936 he kept from 1,000 to 2,500 head of cattle. During 1935 plaintiff entered into a contract with defendants whereby this plaintiff agreed to pay all of the sponsor's share of the expenses in connection with a WPA project for the three miles of road in question plus $100 for labor and gasoline; and the township agreed to maintain the road after its completion. After the

road was built the township was compelled to sue this plaintiff on that contract. Judgment was given the township. (See *Fall River Township v. Pratt,* 150 Kan. 890, 96 P. 2d 664.)

The west mile of the road had not been opened. The viewers appointed by the county commissioners reported against its establishment. This report was rescinded by the board and the road ordered opened as part of a WPA project. The west mile of the road was graded and graveled in 1936. From that time on to the time of trial various township officials have entered on this mile and made some repairs and done some maintenance work. There is no road connecting with the west end of this road. It leads into plaintiff's pasture and is closed by a gate.

During 1940 and 1941 the entire three miles of road became in bad condition because of the lack of repairs, and plaintiff's trucks which had to travel the road daily with feed for the cattle would be stalled at five or more different points. The three-mile road in controversy is the only direct route from the city of Fredonia and the residence of plaintiff to the pasture. At the time when the road was impassable the plaintiff and his employees traveled several miles out of their way in order to get feed to their cattle. Through neglect and failure to maintain, there were at least five places on the road that became impassable during wet weather. Outside of these places the road was a fairly good township road. It could be repaired and put in usable condition for an expenditure of $125 to $150. The defendants had failed to maintain and repair the road in accordance with their statutory duty. The alternative writ was served on July 31, 1941. During the period beginning September 22, 1941, and ending September 29, 1941, defendants caused 56 cubic yards of gravel to be placed on part of the defective places on the road. This repair work continued for about a week and was never completed. No attempt was made to try to drain the water which collected and stood in the traveled part of the road.

The defendants employed persons to drag the roads but there was no supervision of this dragging. There was no attempt on the part of defendants to comply with G. S. 1935, 68-534. This section provides for the supervision of road dragging. Prior to the institution of this action the plaintiff caused a notice to be served on defendants calling attention to the condition of the road and requesting them to repair it.

During the calendar year 1940 the township lacked $22.14 of spending the amount of its road fund. The lowest balance in the road fund during 1941 was $1,001. On these findings the trial court concluded that the plaintiff was entitled to a writ of mandamus commanding the defendants to repair and improve the three miles of road in question.

Judgment was entered accordingly. A motion for a new trial was overruled, and defendants have appealed.

Defendants argue first that plaintiff has no legal capacity to bring an action in mandamus, since he had failed to show that he had any different interest in the road than any other citizen, and that there was no legally established road which the township was bound to maintain. We have not found it necessary to decide these two questions. We will place the decision upon the ground that if the road was a public road the maintenance and repair of it rests in the sound discretion of the township board and cannot be controlled by the courts.

In an application for a writ of mandamus no other pleadings are allowed than writ and answer. (See G. S. 1935, 60-1709.) We have, however, examined the application for a writ, as well as the writ in this case, and we find there was no allegation of bad faith or fraud on the part of the defendants in either the application for the alternative writ or the writ. There was no evidence of bad faith or fraud on their part and the court made no such findings.

Mandamus will only lie to compel action on the part of a public official when the duty of the official is clear. (See *National Bank v. Hovey*, 48 Kan. 20, 28 Pac. 1090, and *Wilson v. Winfrey*, 72 Kan. 468, 84 Pac. 123.)

Where a public official or board is vested with discretion courts will not interfere to control that discretion in the absence of fraud, bad faith or gross impropriety on the part of the official. (See *Breedlove v. Wyandotte County Comm'rs*, 127 Kan. 754, 275 Pac. 379, and *Bohan v. Sumner County Comm'rs*, 131 Kan. 87, 289 Pac. 436.)

The township trustee, the township treasurer and the township clerk constitute the board of township highway commissioners. (See G. S. 1935, 68-523.)

The township board of highway commissioners is vested with a wide discretion in the maintenance and repair of the township roads, the levying of taxes for road purposes and the expenditure of township funds on highways. (See G. S. 1935, 68-523 to 68-546.)

We have already noted that the pleadings allege no fraud or bad faith, or gross impropriety on the part of the defendants in this action or the members of the township board of highway commissioners. The writ merely states that the road in question was impassable in all kinds of weather on account of the neglect and refusal of the defendants to repair it. The findings of the trial court in effect find such to be the case. There was evidence, however, and the court found that some work in the way of putting gravel on this road had been done. Just why more was not put on does not appear. There could well be a reason for this in the sound discretion of the board. There were, no doubt, many other perplexing problems confronting the board at this same time. A knowledge that might well be the situation is no doubt the reason for the rule that courts will not interfere with officers in the exercise of their discretion in the absence of bad faith, fraud or gross impropriety.

The judgment of the trial court is reversed with directions to render judgment for the defendants.