## No. 711.

STATE EX REL. T. P. FARRAR VS. HENRY A. GARRETT.

29 637
50 23

The title of a law, repealing certain sections of the Revised Statutes of 1870, adequately expresses the object of the law, when it designates the *numbers* of the sections repealed.

The power to fill the office of district attorney *pro tempore* vests in the Governor, by virtue of the general law authorizing him to fill vacancies in office.

APPEAL from the Thirteenth Judicial District Court, parish of Tensas. *Hough*, J.

*J. Tyson Lane*, for relator and appellee.

*Seale & Morrison*, for defendant.

The opinion of the court was delivered by

MANNING, C. J. This is a contest for office under the intrusion act.

The relator was appointed district attorney *pro tempore* for Tensas parish by Governor Nicholls, and the appointment was confirmed by the Senate on the thirtieth of January, 1877. He was commissioned on the following day, and qualified on fifth or sixth of February.

The respondent was elected to that office by the police jury of Tensas parish on December 21, 1876, and qualified under that election on the same day. On third of January, 1877, he was appointed to the same office by W. P. Kellogg, then acting as Governor. His appointment was not confirmed by the Senate. He qualified under this appointment on sixth of February, 1877.

The respondent's title under this appointment is manifestly bad. We take judicial cognizance of the sittings of the General Assembly, and

therefore we know that the Senate was in session on the third of January, 1877. There is neither proof nor pretense, that the appointment of respondent was submitted to the Senate, or if submitted, that it was confirmed. The Senate not being in recess at the time of respondent's appointment, it was of no effect until it was confirmed by that body. Moreover the relator shews by the Senate's journals that he was confirmed on thirtieth of January, 1877.

Another question, however, lies behind this, which relates to the mode of filling this office, and since the respondent sets up an election by the police jury as his title, against the relator's appointment by the Governor, it is necessary to examine which is the proper authority to confer the office.

In 1868 the office in question was created, and the provisions of the law of that year are incorporated in the Revised Statutes of 1870 in sections 1178—1189, inclusive. In 1874 there was passed an act to repeal sections 1178, 1179, 2760, and 2761 of these statutes, and for other purposes. Acts 1874, p. 81. These four sections confer the power of appointment of district attorneys *pro tempore* upon the police juries.

The constitutionality of that act is attacked, because its object is not expressed in its title, inasmuch as other of its sections provide for the appointment of these officers by the Governor. One of its objects is to repeal certain sections of the Revised Statutes of 1870, as articles of the Civil Code and the Code of Practice have been repeatedly repealed or modified by reference to their numbers alone, and that object is sufficiently expressed in the title of this repealing act. The remaining part of the description, " and for other purposes," is too vague, and affords no indication of the object of the law, and therefore those clauses of the law of 1874 which confer upon the Governor the appointment of these officers is void.

The office of district attorney *pro tempore* remains, as created by sections 1180—1189, inclusive, of our Revised Statutes of 1870, but the mode of filling that office prescribed in sections 1178 and 1179, no longer exists, since these two sections are repealed. The transfer to the Governor of the authority to appoint, made in section two of the act of 1874, is without effect, since that part of that law is void. But the Governor derives authority to appoint from a general law which declares that whenever a vacancy in any office occurs, either from death, resignation, or from any cause whatever, it shall be filled by the Governor by and with the advice and consent of the Senate. Rev. Stat., 1870, section 1577.

There was a vacancy in the office of district attorney *pro tempore* of Tensas parish at the time Governor Nicholls appointed the relator. The terms of these officers are coterminous with district attorneys, and

expired after the election of November, 1876. In January, 1877, this vacancy was filled in Tensas parish by the appointment of the relator, who is therefore the rightful occupant of the office. The lower court so held, and

It is ordered, adjudged, and decreed that the judgment of the lower court is affirmed with costs.