## JOSEPH S. JOHN v. J. A. REASER, *et al.*

COUNTY SURVEYOR — *Valid Statute.* The sections of chapter 177, Laws of 1879, ( Comp. Laws of 1879, pp. 303–305,) relating to the duties of county surveyors, the determination by them of boundaries of lands, and giving parties affected by the survey of county surveyors the right of appeal, are not in conflict with § 16 of article 2 of the constitution of the state.

### *Error from Saline District Court.*

PROCEEDING under chapter 177, Laws of 1879, to determine the boundaries of certain tracts of land. August 31, 1882, judgment for costs against *John,* who brings it here for review.

*J. G. Mohler,* and *C. A. Hiller,* for plaintiff in error.

*Banks & Cunningham,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: This was a proceeding under chapter 177, Session Laws of 1879, (Comp. Laws of 1879, pp. 303–305,) to determine the boundaries of certain tracts of land. A motion was made by the plaintiff in error to set aside all the proceedings of the county surveyor, on the ground that chapter 177 is unconstitutional and void. This was overruled *pro forma* by the district court, and judgment for costs taxed against the plaintiff in error. Complaint is made of this ruling. The sole question presented is, whether the provisions of chapter 177, Laws of 1879, in controversy, are in violation of § 16 of art. 2 of the constitution; or in other words, does said chapter 177, so far as the said provisions are concerned, contain more than one subject, and is that subject sufficiently expressed in its title? The title is as follows: "An act amendatory of and supplemental to chapter 25 of the General Laws of 1868." Chapter 25 of the General Laws of 1868 is an act entitled "An act relating to counties and county officers." Art. 12 of that act prescribes, among other things, the duties of county surveyors relative to the

boundaries of lands, the establishment of the center of government sections, and the reëstablishment of missing corners. Apart from § 1, said chapter 177 provides additional rules for the guidance of the officers in the performance of those duties, and gives parties aggrieved by the performance thereof the right to appeal. In *Comm'rs of Sedgwick Co. v. Bailey,* 13 Kas. 600, the title under consideration was "An act amendatory of and supplemental to an act entitled 'An act defining the boundaries of counties,' approved March 3, 1868." It was held in that case that this title was broad enough to authorize the changing of county lines, the establishment of county lines, and the creation of the boundary lines of new counties —substantially the creation of new counties. It was further held, however, that the title of the act was not broad enough to include assessment or taxation of any kind. Within the reasoning there adopted, that the title in that act was comprehensive enough to authorize the defining and establishing of the boundaries of either old or new counties, and within the decision of *Philpin v. McCarty,* 24 Kas. 392, we think the constitutionality of the sections of said chapter 177 relating to the duties of county surveyors and the determination by them of boundaries of lands can be sustained against the objections made.

We express at this time no opinion in regard to §§ 1 and 4 of said chapter 177.

The judgment of the district court must be affirmed.

All the Justices concurring.