OTTO H. DOGGE, PLAINTIFF IN ERROR, V. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

1.  **Medicine:** QUALIFICATIONS OF PHYSICIAN.  A person practicing medicine or surgery in this state must possess the qualifications designated in at least one of the four classes prescribed by section four of the act to regulate the practice of medicine in this state, approved March 3d, 1881, as amended in 1883; and must file the sworn statement required by section two of the act of 1881 with the county clerk.

2.  **Amending Statutes.**  In amending an act it may be designated by its title or chapter in the Compiled Statutes.

ERROR to the district court for Lancaster county.    Tried below before POUND, J.

*J. C. Johnston* and *Lamb, Ricketts & Wilson,* for plaintiff in error.

*William Leese, Attorney General,* for the State.

MAXWELL, J.

The plaintiff in error was convicted of practicing medicine in Lancaster county without first having complied

with the act "to regulate the practice of medicine in the state of Nebraska," approved March 3d, 1881 (Laws of 1881, pages 282–286). The testimony shows that he is a graduate of one or more medical colleges, and that he has practiced medicine for about eighteen years before removing to this state. He therefore claims that the provisions of the act do not apply to him.

Sec. 1 of the act above referred to declares that "it shall be unlawful for any person to practice medicine, surgery, or obstetrics, or any of the branches thereof, in the state, without first having complied with the provisions of this act relating to registration; and no person practicing medicine, surgery, or obstetrics, or any of the branches thereof, shall be entitled to registration unless possessed of the qualifications required by section four of this act."

Sec. 4, as amended in 1883, is as follows: "No person shall be entitled to registration as a physician or surgeon under the provisions of this act, or to practice medicine, surgery, or obstetrics, or any branch thereof, in this state, unless he or she shall be possessed of one of the qualifications named in this section, as follows: *First.* A graduate of a legally chartered medical college or institution having authority to grant the degree of "Doctor of Medicine;" or *Second.* Persons who can show documentary evidence that they have passed a satisfactory examination before medical boards of other states created for the purpose of such examination, and all surgeons and assistant surgeons who were commissioned and served as such in the late war of the rebellion; or *Third,* A person who shall have, at the time this act takes effect, attended one course of lectures in a legally chartered medical college or institution having authority to confer the degree of "Doctor of Medicine," and practiced medicine continually for three years, the last one year of which practice shall have been in this state; or *Fourth,* A person who shall have been, at the time of the taking effect of this act, engaged in the practice of medi-

cine, surgery, or obstetrics for a livelihood for a period of ten years, the last two years of which practice has been in this state. *Provided*, That no person not a resident of this state at the time this act takes effect who has not received the degree of doctor of medicine from a legally chartered medical college or institution having authority to grant the same, shall be admitted to registration under this act, or authorized to practice medicine, surgery, or obstetrics in this state." Laws of 1883, page 246.

Sec. 2 of the act of 1881 requires the person registering as a physician or surgeon to file with the county clerk of the county in which he or she resides a statement under oath "giving his or her full name, age, place of birth, place of residence, place of business, and the time he or she has practiced medicine; and when and where he or she has so practiced, and the time of such practice in each place; and if he or she is or has been a member of any medical society or societies, the name and location of such society or societies; and if he or she is a graduate of any medical college or university, the date of his or her graduation, and the full and true name and location of such college, institution, or university," etc. Secs. 3 and 9 provide penalties. The statute authorizes any person designated in the first, second, third, or fourth class to register, and thereupon practice medicine or surgery for a livelihood. The act applies to all alike, to the most skillful physician and the mere tyro—each must register and bring himself within one of the classes named. The evident purpose of the act is to restrict the practice of medicine or surgery to those persons whose education and training may reasonably be supposed to have qualified them for the business. The fact that a person is a graduate of a medical college and has received the degree of "Doctor of Medicine," will not authorize him to practice medicine in the state unless he register as required by the second section of the act. He must not only possess the qualifications designated in at

least one of the classes named, but must allege the same in his written statement filed with the county clerk, and unless he do so he is liable to the penalties prescribed in the act.

Objection is made to the title of the act of 1883, which is as follows: "An act to amend section 4 of chapter 55 of the Compiled Statutes of Nebraska." Chapter 55 of the Compiled Statutes of 1881 is the act to regulate the practice of medicine in the state of Nebraska, approved March 3, 1881, and while the subject matter was arranged and the chapters numbered by the compiler and not by the legislature, yet it is sufficiently definite to show what was intended. All that the law requires is that the amendatory statute shall be definite and certain as to the statute amended. This may be accomplished as well by designating the chapter in the Compiled Statutes as by referring to the act by its title. The legislature alone decides upon the title of an act or amendment thereto, and the act will not be declared unconstitutional unless it is clearly so. The title to the amendatory act in this case is sufficient, and the act is valid. On the argument of the cause some objection was made to the title of the act as not broad enough to include the penalty, but as no objection of this kind is made in the plaintiff's brief it is presumed to be waived. There is no error in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.