HAYNE, C.
The main question argued in this case, and the one upon which we think the decision must turn, is whether the act of 1880, entitled “An act to amend section 3481 of the Political Code,” is in violation of section 24 of article 4 of the constitution, which provides that “Every act shall embrace but one subject, which subject shall be expressed in its title.....” It is not contended that the act embraced more than one subject. The objection is that no subject is expressed; and the argument is that a section of the Political Code is not a subject, but is a mere reference to where the subject may be found.
The reason of the requirement that the subject shall be expressed is to prevent legislators being entrapped by false titles: Kurtz v. People, 33 Mich. 282; Boyd v. State, 53 Ala. 605; Hannibal v. Marion, 69 Mo. 575; Robinson v. Skipworth, 23 Ind. 317; Commissioners of Marion v. Commissioners of Harvey, 26 Kan. 197; Howell v. State, 71 Ga. 227, 51 Am. Rep. 259. This reason does not require the title to give the substance of the bill. To give the substance of the bill would be to make the title almost as cumbrous as the bill itself, which would tend to defeat rather than to accomplish the purpose of the requirement. It would be to make the title an index, abstract, or catalogue of the contents of the bill, which has been held to be unnecessary: Montclair v. Ramsdell, 107 U. S. 155, 27 L. Ed. 431, 2 Sup. Ct. Rep. 391; People v. Hazelwood, 116 Ill. 327, 6 N. E. 480; Hope v. Gainesville, 72 Ga. 250; Allegheny County Home’s Appeal, 77 Pa. 80; Lockhart v. Troy, 48 Ala. 584; State v. Barrett, 27 Kan. 218; Brewster v. Syracuse, 19 N. Y. 117. Now, if the purpose was not to *791 apprise the legislators of the substance of the bill, it must have been to put them on inquiry as to what was sought to be done. And we think a title which shows that it is intended to change a specific section of a specified statute is sufficient to put the legislators on inquiry. This seems to us to be the reasonable construction. And it is generally agreed that the provision is to receive a liberal, and not a narrow and technical, construction; which latter would only serve to defeat and embarrass legislation: Stone v. Brown, 54 Tex. 342; Breen v. Railroad Co., 44 Tex. 305; State v. Ranson, 73 Mo. 86; In re Public Parks, 86 N. Y. 439, 440; Larned v. Tiernan, 110 Ill. 177; Mills v. Charleton, 29 Wis. 410, 9 Am. Rep. 578; McAunich v. Railroad Co., 20 Iowa, 342; Cooley Const. Lim., 146.
Nor does this construction do violence to the language of the provision. According to Webster, one of the meanings of the word “subject” is “that which is brought under thought or examination; that which is taken up for discussion.” Now, is not the statute to be amended or repealed ‘ ‘ that which is taken up for discussion”? When, for example, a scholar writes an essay upon some play of Shakespeare, suggesting an emendation of the text, is it not proper, and in accordance with usage, to say that the subject of the essay is the play in question, and not the plot, the scene, the characters, or the incidents of the play? If it be said that the statute to be amended is not the subject, such a rule would in some cases require an effect to be given to the provision beyond That which its language imports; for the- provision does not require the title to express the subject of any previous act; it only requires an expression of the subject of the act to be passed. Now, in the case of a repealing act, what is the subject? It has no subject, unless the statute to be repealed is its subject, for it establishes nothing. So that, if the statute to be repealed is not a sufficient expression of its subject, it would be necessary to give the subject of the statute to be repealed, which would be going further than the language of the provision requires. Now, if the statute to be repealed is the subject of a repealing act, it would seem that the statute to be amended may be the subject of an amending act.
We think, therefore, that the construction which is suggested by reason of the provision does not do violence to its *792 language, but accords with it. And this result is in accordance with the preponderance of authority. Thus, in Fleischman v. Walker, 91 Ill. 320, the following title: “An act to amend an act entitled ‘An act in regard to practice in courts of record’ ”■—was held to be sufficient. Such a title is not substantially different from “An act to amend section - of the Code of Civil Procedure”; and the case is authority for the sufficiency of the latter title. So in State v. McCracken, 42 Tex. 384, the following title: “An act to amend an act entitled ‘An act to adopt and establish a Penal Code for the state of Texas, ’ approved August 26, 1871”—was held to be sufficient, although there was a mistake in giving the date of the passage of the code. So in Dunbar v. Frazer, 78 Ala. 538, the following title: “An act to amend section 1544 of the code except as to ‘ certain counties specified by name, ’ ” was held to be sufficient. So in Dogge v. State, 17 Neb. 143, 22 N. W. 348, the following title: “An act to amend section 4 of chapter 55 of the Compiled Statutes of Nebraska” was held to be sufficient. Compare, also, State v. Garrett, 29 La. Ann. 638; Gatling v. Dane, 17 Neb. 84, 22 N. W. 453; John v. Reaser, 31 Kan. 406, 2 Pac. 771; Burroughs v. Commissioners of Norton, 29 Kan. 197, 198; Wheeler v. State, 23 Ga. 10.
These eases are authority for the proposition that the statute to be amended or repealed may be the “subject” of an amending act, and that is all that is necessary to the present decision. In some of them the reference to the act to be repealed seems too vague, and in that respect we think they go too far. While in some cases the act might be such that a reference to its title would be sufficient, yet if the statute is multifarious the precise part to be amended should be pointed out: Compare People v. Hills, 35 N. Y. 452. In other words, the reference should be specific.
The other questions raised do not require extended notice. If section 3481 is a valid enactment, we think, if clear, that it applies to all future cases in which the requisite number of owners of “lands within any reclamation or swamp land district, and in which the lands have not been reclaimed, desire to have said body of lands set off from such district,” whether the existing district was organized under the code or not. This does not repeal the prior laws, or affect the assessment proceedings thereunder. It merely relates to the *793 creation of new districts of a certain character. The words “independent reclamation,” in section 3481, seem to have no other meaning than “separate and distinct reclamation.” This is apparent from section 3482, which provides for the liability of the new district for former work.
The foregoing being the only questions argued, and the findings setting forth all the facts, we think the case may be finally disposed of. We therefore advise that the judgment should be reversed, and the cause remanded, with directions to enter judgment in favor of the defendants.
We concur: Belcher, C. C.; Foote, C.
By the COURT.—For the reasons given in the foregoing opinion the judgment is reversed, and cause remanded, with directions to enter judgment in favor of defendants.