## In re MOORE.

### (Circuit Court, D. Washington, E. D. May 12, 1897.)

1. VALIDITY OF TERRITORIAL STATUTE—TITLE OF ACT.
   A statute entitled "An act to amend section 812 of the Code of Washington Territory" (Laws 1885–86, p. 84), which changes the age of consent to 16 years, is not in conflict with Rev. St. U. S. § 1924, providing that every territorial law "shall embrace but one object, and that shall be expressed in the title."

2. SAME — TERRITORIAL LAWS ADOPTED BY STATE—EFFECT OF DECISION DECLARING LAW VOID.
   Under a provision of the constitution of the state of Washington that all laws of the territory in force at the time of its adoption not repugnant to the constitution shall be continued as laws of the state, a territorial law which seems to the court to be valid will be so treated, though it had been declared by the supreme court of the territory to be in conflict with a statute of the United States, the state court having repudiated the doctrine of that decision.

This was an application by Ira Moore for a writ of habeas corpus.

Del Carey Smith, for petitioner.

Alex M. Winston, Asst. Atty. Gen., John A. Pierce, Pros. Atty., and Harris Baldwin, opposed.

HANFORD, District Judge. The petitioner shows that he was arraigned and tried in the superior court of the state of Washington for Spokane county upon an information charging him with the crime of rape, and, being convicted, he was sentenced to the state penitentiary for a term of years, and is now incarcerated pursuant to said sentence, which proceedings and imprisonment he alleges to be without due process of law, and contrary to the provisions of the constitution and laws of the United States. In obedience to an order to show cause why the writ should not issue, the state of Washington has appeared, by the assistant attorney general, and filed an answer denying the jurisdiction of this court, and alleging that the petition fails to state any facts from which a question of federal law can arise, or any legal grounds for the writ. The prosecuting attorney for Spokane county has also appeared, and, on similar grounds, moved to dismiss. Section 753, Rev. St. U. S., limits the power of this court to grant a writ in a case of this kind, so that the petitioner must show that he "is in custody in violation of the constitution or of a law or treaty of the United States." As the case has been presented, therefore, the question at issue is whether the petition shows that the imprisonment of the petitioner is in violation of the constitution or any law of the United States.

The alleged criminal act of the petitioner, as set forth in the information against him, was that on the 23d day of October, 1894, in Spokane county, he did willfully, unlawfully, and feloniously carnally know and abuse a certain named female child, under 16 years of age. The petitioner shows that he was not accused in the information of using force, and in the evidence it was not pretended that the girl did not consent; and in fact she was at the time over 12 years of age,—the common-law age of consent. Section 812 of the Code of Washington Territory of 1881 also, by a positive enactment, makes that the age of consent. The legislature of Washington territory, however, in 1886, passed an act entitled "An act to amend section 812 of the Code of Washington territory," by which act the age of consent was changed to 16 years (Laws Wash. T. 1885-86, p. 84); and this amendatory act was never annulled by congress, nor repealed by the territorial legislature, nor by any act of the state legislature, prior to the conviction of the petitioner. The constitution of the state provides that all laws of the territory in force, which are not repugnant to the constitution, shall be continued as laws of the state. In the case of Harland v. Territory, 3 Wash. T. 131, 13 Pac. 453, and Rumsey v. Territory, 3 Wash. T. 332a, 21 Pac. 152, the supreme court of Washington territory held an act entitled "An act to amend section 3050, chapter 238 of the Code of Washington Territory." void, because the title failed to express the object of the act, and therefore came in conflict with that part of section 1924, Rev. St. U. S., which provides that every law enacted by a territorial legislature "shall embrace but one object, and that shall be expressed in the title." And in the cases of State v. Halbert, 14 Wash. 306, 44 Pac. 538, and State v. Smith, 15 Wash. 698, 46 Pac. 1119, the supreme court of the state of Washington decided

that the act raising the age of consent to 16 years was not in force at the time of the adoption of the state constitution, and therefore was not continued as a law of the state, because the decisions of the supreme court of the territory in Harland v. Territory and Rumsey v. Territory robbed it of all vital force.    If, in fact, the act raising the age of consent to 16 years is repugnant to section 1924, Rev. St., then the prosecution of the petitioner founded upon the act referred to is in violation of a law of the United States, and the writ should issue.    But I find that the act does embrace but one object, and the title serves as well to express that object as any title that might have been contrived.    The design or object of the legislature was to amend one particular section of the then existing law, and the title adopted shows clearly that the legislative mind was intent upon that, and that only.    The organic law of the territory required nothing more than that the one particular object of the law should be expressed in the title, and did not require the title to specify minutely the means by which it was proposed to reach the object in view.    The supreme court of the state has repudiated the doctrine of Harland v. Territory and Rumsey v. Territory, and fully exposed the unsoundness of those decisions, in the able and exhaustive opinion of Mr. Justice Hoyt in the case of Marston v. Humes, 3 Wash. St. 267, 28 Pac. 520.    I concur in the reasoning and conclusions of that opinion, and will follow it in my decision of the case now in hand.    I hold also that the erroneous decisions referred to could not have the effect ascribed to them in the opinions rendered by a majority of the justices in the cases of State v. Halbert and State v. Smith.    The courts are not authorized to repeal or nullify valid laws, and their erroneous decisions are subject to correction upon further consideration of the same questions in cases which may be subsequently brought before them.    The law which was declared to be void in Harland v. Territory had been held to be valid in a series of cases, commencing with Rosencrantz v. Territory, 2 Wash. T. 267, 5 Pac. 305.    The change in the position of the court was in consequence of a change of judges composing the court, and, inasmuch as some of the judges who composed the court when the Harland and Rumsey Cases came before it were displaced by other judges prior to the formation of the state government, there is no reason for supposing that the court as it was then constituted would have extended the errors of those decisions so as to nullify the act amendatory of section 812, if a case founded upon that law had been presented.    The supreme court of the state seems to have become tired of the rule laid down in the Halbert and Smith Cases; for in this case the petitioner shows that he has made an application to that court to be discharged upon a writ of habeas corpus, and said application had been denied.

It is my opinion that the act of 1886, raising the age of consent to 16 years, is not void, that it was in force as part of the laws of Washington territory adopted by the people as laws of the state, that the prosecution and conviction of the petitioner founded upon said act were not in violation of the constitution or any law of the

United States, and that this court has not jurisdiction to grant the application of the petitioner for a writ of habeas corpus. The motion of the district attorney for Spokane county to dismiss the proceedings under the petition herein will be granted.