Ireton v. Laubner.

---

HENRY S. IRETON AND SOPHIA FREILINGER v.
V. LAUBNER AND F. G. LEHMAN.

No. 454. ( 58 Pac. 278.)

COUNTY SURVEYOR—*Appeals — Valid Act.* Section 4 of chapter 177, Laws of 1879 (Gen. Stat. 1889, ¶ 1838), held to be constitutional and valid.

Error from Cowley district court; A. M. JACKSON, judge. Opinion filed September 16, 1899. Affirmed.

*Madden & Buckman*, for plaintiffs in error.
*Pollock & Lafferty*, for defendants in error.

The opinion of the court was delivered by

SCHOONOVER, J.: On the application of defendant in error V. Laubner, a survey was made of certain lands in Cowley county. When the county surveyor filed his report, the plaintiffs in error each separately perfected an appeal to the district court of Cowley county. By consent, the appeals were consolidated and referred to a referee.

Ireton v. Laubner.

In the trial before the referee, the plaintiffs in error appeared and contested the validity of the survey, as appellants, and the defendants in error appeared and defended the validity of the survey as respondents. In his report, the referee found that the survey was incorrect and incomplete, and recommended that it be rejected; this report was confirmed by the court.

The court also referred to the referee the question as to what disposition should be made concerning the costs. The referee reported as follows:

"I find, as a conclusion of law, in addition to my former findings, that the costs of said survey and said appeals should be apportioned, in accordance with section 173*d*, chapter 25, of the General Statutes of 1889, among the several parties, to wit, Valentine Laubner, Henry S. Ireton, Sophia Freilinger, and F. G. Lehman, equally; that is to say, one-fourth to each of said parties."

This report also was confirmed by the court.

The question presented is the constitutionality of section 173*d* of chapter 25 of the General Statutes of 1889.

It is contended by plaintiffs in error that this section is repugnant to section 16 of article 2 of the constitution, which provides:

"No bill shall contain more than one subject, which shall be clearly expressed in its title, and no law shall be revived or amended, unless the new act contain the entire act revived, or the section or sections amended, and the section or sections so amended shall be repealed."

The section complained of is section 4 of chapter 177 of the Laws of 1879; that chapter was entitled "An act amendatory and supplemental to chapter 25 of the General Laws of 1868." The title to chapter 25 of the General Laws of 1868 is as follows: "An act

relating to counties and county officers." The section in question reads as follows :

" The expenses and costs of the survey and suit shall be apportioned among all the parties according to respective interests, except in cases of appeal, in which, if the report of the surveyor shall be affirmed by the court, in which case the party appealing shall pay all the costs of the appeal. If the said apportionment, or any part thereof, shall remain unpaid for thirty days after any report shall have become final, the county surveyor shall furnish to the county clerk a statement, under oath, showing the amount remaining unpaid, and a description of the land against which the apportionment was made. On receipt of any such statement the county clerk shall levy a tax against the land mentioned in said statement sufficient to pay the amount of said apportionment. Said tax shall be collected in the manner provided for the collection of taxes on real estate, and subject to the same penalties ; and when collected the county treasurer shall pay the amount so collected to the county surveyor."

The supreme court of this state, in the case of *John v. Reaser*, 31 Kan. 406, 2 Pac. 771, in discussing chapter 177, Laws of 1879, said :

" The sections of chapter 177, Laws of 1879, relating to the duties of county surveyors, the determination by them of boundaries of lands, and giving parties affected by the survey of county surveyors the right of appeal, are not in conflict with section 16 of article 2 of the constitution of the state."

They further said : " We express at this time no opinion in regard to sections 1 and 4 of said chapter 177."

In the case of *Tarpenning v. Cannon*, 28 Kan. 665, the apportionment of costs under section 4 was presented to the supreme court. In the opinion Chief Justice Horton said :

"Appeal was taken from the report of the survey

by plaintiff in error and two other parties. Afterwards the cases were divided up, making the parties directly interested in the dividing lines parties to the actions. The court in this case taxed all the costs of the action, amounting to $151.65, and also $44.92 of the costs in the case of Stonehocker and others against county surveyor, to plaintiff in error. This was erroneous. . . . Under this provision (section 4) the expenses and costs of the survey and action must be apportioned among the parties according to their respective interests, as upon appeal the report of the surveyor was not affirmed."

It is true that the constitutionality of this section has never been called to the attention of the supreme court, but the court has passed upon section 3 of the same chapter, which provides in part as follows :

"Upon the filing of said notice and bond, the register of deeds shall certify the appeal to the clerk of the district court and file in his office a certified copy of the report of the surveyor, and the appeal shall stand for trial by the court at the next regular term thereafter. The court shall hear and determine said appeal, and enter an order or judgment in the [either] approving or rejecting said report, or modifying or amending the same, according to the rights of the parties, or may refer the same back to the surveyor to correct his report and survey, in conformity to the judgment of the court, or may for good cause shown set aside the report and appoint a new surveyor, who shall proceed *de novo* and survey and determine the boundaries and corners of the land in question."

If the title to the act is broad enough to permit the district court to hear and determine the appeal as provided by section 3, in our opinion it is broad enough to permit the district court to tax the costs as provided by section 4.

The judgment of the district court will be affirmed.