No. 19,200.

IDA BREWER, *Appellant*, v. THE CITY OF PITTSBURG, etc., et al., *Appellees*.

SYLLABUS BY THE COURT.

PUBLIC IMPROVEMENTS — *Special Assessments* — *Chapter 130, Laws of 1913, Valid*. The title of chapter 130 of the Laws of 1913, being "An act amending and repealing section 1009 of the General Statutes of 1909, and repealing said original section, insofar as it applies to cities of 25,000 or less," sufficiently expresses the subject of the act although it only refers to the section of the statute amended as it appears in an authenticated compilation without stating anything of the matter to which it relates, and it is not invalid because it purports to amend a section of the general statutes previously amended and repealed nor because the title contains no reference to the previous amended and repealing act.

Appeal from Crawford district court; ANDREW J. CURRAN, judge. Opinion filed March 7, 1914. Affirmed.

*J. J. Campbell*, of Pittsburg, for the appellant.
*C. O. Pingry*, of Pittsburg, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action begun by the appellant, Ida Brewer, to enjoin the appellees, the city of Pittsburg and Leonard Boyd, its city clerk, from levying a special improvement assessment upon certain lots in the city of Pittsburg owned by her. On May 14, 1913, the city commissioners passed a resolution providing for the paving, curbing and guttering of a street in the city of Pittsburg, which provided that one-third of the cost thereof should be borne by the city at large and two-thirds by the property in the benefit district. Later an ordinance providing specifically for the improvement was duly passed and a contract therefor was given to the lowest bidder. Still later another ordinance was passed apportioning and assessing the cost of the improvement, under which an assessment of $320.88 was made upon appellant's property. No objections are made by appellant to the regularity of any of the proceedings taken by the city with reference to the improvement, but the validity of chapter 130 of the Laws of 1913, which authorized the improvement and provided for the assessment, was attacked by her and upheld by the trial court.

The appellant insists that the subject of the act is not clearly expressed in its title as the constitution requires. (Const. art. 2, § 16.) The title is, "An Act amending and repealing section 1009 of the General Statutes of 1909, and repealing said original section, insofar as it applies to cities of 25,000 or less." It is first contended that a reference to the original section by chapter and section without stating something of the matter to which it relates is not sufficient. It is the rule in Kansas that the constitutional provision as to the title of acts shall be broadly and reasonably interpreted, and under the liberal rule of construction generally applied it is enough if the title to the amendatory act refers to the original act by chapter and section

of an authorized publication of the statutes. The question was expressly determined in *John v. Reaser,* 31 Kan. 406, 2 Pac. 771, where the challenged title was, "An act amendatory of and supplemental to chapter 25 of the General Laws of 1868." It was held that that title, which is no more definite than the one under consideration, sufficiently stated the subject matter of the act. Amendatory acts with such titles are not uncommon in this state, and those which have been challenged on this ground and which have been otherwise sufficient have been upheld. (*Philpin v. McCarty, Supt., &c.,* 24 Kan. 393; *Burroughs v. Comm'rs of Norton Co.,* 29 Kan. 196; *Ireton v. Laubner,* 9 Kan. App. 561, 58 Pac. 278; see, also, 36 Cyc. 1029.) If the amendatory act is not germane to the original act or its provisions are not fairly included in the title to the original act that part of the amendatory act not within the title of the original would be invalid. (*The State, ex rel., v. Bankers', etc., Association,* 23 Kan. 499; *The State, ex rel., v. Pierce,* 51 Kan. 241, 32 Pac. 924.) The new matter in the amended act is germane to the subject of the original act and the title of the original is sufficiently broad to cover everything embraced in the amended act.

Another objection urged against the title in question is that it refers to the compilation of 1909 instead of to chapter 122 of the Laws of 1903 in which the original provision was first published. As the General Statutes of 1909 is a duly authenticated compilation a reference to an act there published serves the purpose of identification as well as a reference to the publication in the Session Laws. The act authorizing the 1909 compilation in terms provides that: "hereafter, in any bill to amend or repeal any law or section thereof, contained in the General Statutes, it shall be sufficient to refer to the same by the running section numbers of said General Statutes." (Laws 1909, ch. 6, § 3, Gen. Stat. 1909, § 9861.) A reference to an authenticated compilation

was deemed to be sufficient in *John v. Reaser,* 31 Kan.
406, 2 Pac. 771, and the same view has been taken by
the courts of other states. (*Dogge v. State,* 17 Neb.
140, 22 N. W. 348; *People v. Parvin,* [Cal. 1887] 14
Pac. 783; *State v. Robinson,* 32 Ore. 43, 48 Pac. 357;
*The State ex rel. v. County Court,* 128 Mo. 427, 30
S. W. 103, 31 S. W. 23; *In re Moore,* 81 Fed. 356; *State
ex rel. Farrar v. Garrett,* 29 La. Ann. 637; *Humboldt
Bldg. Ass'n Co. v. Ducker's Ex'r,* 26 Ky. Law Rep.
931, 82 S. W. 969).

Another objection to the act is that the section in
the General Statutes to which reference was made had
already been repealed. It appears that an act amend-
ing that section was enacted and became effective on
March 10, 1913 (Laws 1913, ch. 91), while the amend-
atory act under consideration was approved on March
11 and published on March 22, 1913. The bills were
designed to effect different amendments of the section,
and probably the fact that one had been passed and be-
come effective a few days prior to the other escaped the
attention of the members of the legislature. The first
changed the section only so far as to add the expression
"mayor and commissioners" to that of "mayor and
council," and added a provision that in cities of more
than 75,000 inhabitants the petitioners might desig-
nate the kind of patented pavement or process they
desired to have used. At the end of the act it was
added that the section amended was repealed. The
act in question (Laws 1913, ch. 130) is the later one
and there can be no doubt of the purpose of the legis-
lature in its enactment. The section amended is com-
plete and has become the present section 1009 of the
General Statutes of 1909. The answer to the objection
that the section which the act purports to amend had
been repealed is found in *Reynolds v. Board of Educa-
tion,* 66 Kan. 672, 72 Pac. 274, where it was held that
an act in the form of an amendment is not invalidated

58—91 KAN.

by the fact that the statute which it purports to amend had become inoperative by a previous repeal.

There is a contention, too, that the amended act is bad because it does not contain the entire section amended, nor refer to the first amendment in chapter 91 of the Laws of that session. When chapter 91 was enacted it took its place in the original act which related to cities of the first class and, for the time being, became section 1009 of the General Statutes of 1909. The later act (ch. 130) amended section 1009 of the General Statutes as it then stood, and it, in turn, became section 1009 of the General Statutes. Whatever may be the effect of chapter 130 upon the provisions of chapter 91 of the Laws of 1913, it is clear that the later act, which purports to enact a new section 1009 and to repeal the old section of that number, must be held to be valid.

The judgment of the district court will be affirmed.