Nos. 29,935 and 30,331.

THE WOLFE TIRE CORPORATION, *Appellee,* v. JAMES STANTON and TOM WALLACE, and THE FIDELITY AND DEPOSIT COMPANY OF MARYLAND, *Appellants.*

(3 P. 2d 698.)

Opinion filed October 10, 1931.

*Albert Faulconer, Kirke W. Dale* and *C. L. Swarts,* all of Arkansas City, for the appellants.

*James A. McDermott* and *Richard B. McDermott,* both of Winfield, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The Wolfe Tire Corporation brought this action against James Stanton and Tom Wallace, contractors on a road project in Cowley county, and also The Fidelity and Deposit Company, which had joined the contractors in the execution of a bond binding itself to pay all indebtedness of the contractors incurred for supplies, labor or material furnished or consumed in connection with the construction of the highway which the contractors had

contracted to build. A verdict was returned by a jury that defendants were indebted to plaintiff in the sum of $1,488.66, for which judgment was rendered. Defendants appeal.

It appears that Stanton & Wallace entered into a contract with the board of county commissioners of Cowley county to construct a section of a highway, and the contractors as principals, with the Fidelity and Deposit Company as surety, entered into the bond mentioned. The road was completed before this action was brought. The plaintiff had furnished supplies consisting of oil and gas used in the construction of the road. Sums of money had been paid to plaintiff from time to time, but a part of the indebtedness was not paid, and for the balance due to the plaintiff this action was brought. To plaintiff's second amended petition a copy of a bond had been attached, but in some way it became detached and lost. After the trial and upon making a copy of the record this loss was discovered, whereupon application was made to the court to substitute and attach to the pleading a copy of the bond which had been detached and lost. Upon the testimony the court was warranted in permitting the substitution of the lost exhibit. It is evident that the action was tried out upon the theory of defendants' liability on that particular bond. That was made clear in the instructions of the court in which it repeated the language of the conditions of the bond and of the statute under which it was executed, and that these conditions were those upon which the liability of the defendants depended. It appears, too, that no objection was made to the instruction when it was given.

There was no dispute as to the making of the contract for the construction of the highway, nor that the statutory bond as a substitute for liens was executed by the contractors and their surety. The conditions of the bond executed by the defendants read as follows:

"Now, therefore, if the said Stanton and Wallace, principal, shall pay all indebtedness incurred for supplies, labor or materials furnished or consumed in connection with the construction of said road as provided by the laws of the state of Kansas, then this obligation shall be void, otherwise to remain in full force and effect."

This bond was executed under the Laws of 1925, chapter 198, which was an amendment of Revised Statutes 60-1413, and reads as follows:

"An Act relating to mechanics' liens and amending section 60-1413 of the Revised Statutes of 1923, and repealing said original section 60-1413.

*"Be it enacted by the Legislature of the State of Kansas:*

"SECTION 1. That section 60-1413 of the Revised Statutes of 1923 is amended to read as follows: Sec. 60-1413. That whenever any public officer shall, under the laws of the state, enter into contract in any sum exceeding one hundred dollars, with any person or persons for the purpose of making any public improvements, or constructing any public building or making repairs on the same, such officer shall take, from the party contracted with, a bond with good and sufficient sureties to the state of Kansas in a sum not less than the sum total in the contract, conditioned that such contractor or contractors shall pay all indebtedness incurred for supplies, materials or labor furnished or consumed in connection with the construction of said public building or in making said public improvements."

"SEC. 2. That section 60-1413 of the Revised Statutes of 1923 is hereby repealed.

"SEC. 3. That this act shall take effect and be in force from and after its publication in the official state paper."

Prior to the 1925 enactment the statutory bond only provided for payment of indebtedness incurred for material and labor which entered into and became a part of a public building or a public improvement and remained with it. The amended act enlarges the former one by adding "supplies" to "labor and material furnished," and also in the phrase, "consumed in connection with the construction of the improvement."

It is argued that gasoline and oil are not lienable items, and that it cannot be assumed that the legislature intended to cover them in the language of the later act. In the later act there is a marked broadening of the terms of the earlier one. As the earlier act was interpreted, the evident purpose of the legislature was to enlarge the obligation of the statutory bond so as to include articles or items consumed in connection with the construction of the road, and that these should be guaranteed whether or not they remained a tangible part of the improvement. Machinery is now largely used in the construction of roads. In the operation of these machines, gasoline and oil are necessary elements, as essential as the labor of those operating them. They constitute supplies, and the legislature manifestly intended to protect those who furnished essential supplies like gasoline and oil so necessary to the modern methods of constructing roads and other public improvements. We have no doubt that it was the intention of the legislature to enlarge the obligation of those executing the bond, and that the bond provided for is broad enough to cover the items which were consumed in connection with the making of the improvement.

It is suggested that the act of 1925 is unconstitutional in that the title does not fairly indicate the provisions of the act. The title is: "An act relating to mechanics' liens and amending section 60-1413 of the Revised Statutes of 1923, and repealing said original section 60-1413." Under the rulings as to the title of acts, we discover no material defect in the title of the act of 1925. It is said that there is more than one subject mentioned in the title, namely, mechanics' liens and the amendment of section 60-1413, and that it conflicts with the constitutional limitation that no bill shall contain more than one subject, which shall be clearly expressed in its title. It is a well-recognized rule that this limitation is not to be construed in any narrow or technical sense. We see nothing incongruous to the title to the act, nor anything not having a natural connection therewith. The act has some relation to mechanics' liens in that the bond is required as a substitute for mechanics' liens on public buildings and public improvements. Even if that reference to mechanics' liens might be deemed to be surplusage, it would not render the act invalid. It has been held that the mere fact that the title is broader than the act is not a ground of invalidity if it contains only a single subject which is clearly expressed in the title. (*Ash v. Thorp,* 65 Kan. 60, 68 Pac. 1067; *State, ex rel., v. Reno County,* 98 Kan. 648, 158 Pac. 861.) If the reference to mechanics' liens had been omitted from the title and it had contained no more than that the specified act was amended and repealed, it would have been a sufficient title. (*Brewer v. City of Pittsburg,* 91 Kan. 910, 139 Pac. 418, and cases cited.)

There is a further contention that the supplies furnished by the plaintiff were not lienable, in this, that the gas and oil were furnished to subcontractors and that under the mechanic's-lien law supplies or labor furnished by one subcontractor to another does not result in a lien which is enforceable. It should be noted that the act is not one providing for mechanics' liens, but is a substitute remedy for such liens. The action is upon a bond and its terms fix the obligations of those signing it. It provides that the obligors shall pay all indebtedness incurred for supplies, labor and material furnished or consumed in connection with the construction of the road, regardless of whether furnished directly to the contractors or others with whom they had subcontracts. The supplies were furnished for the use of parties who were grading the road and those

who were hauling the concrete for the slab, and the bills for the supplies were periodically rendered to the contractors themselves in accordance with their agreement. Under the terms of the bond the makers of it became liable for supplies actually furnished for construction of the road, although such supplies may have lost their identity by consumption since they were actually consumed in the construction of the road. The obligations of the makers of the bond are to be measured by its terms and defendants were not adjudged to pay more than the amount for which they were liable under the bond which they executed. (*Shannon v. Abrams,* 98 Kan. 26, 157 Pac. 449. See, also, *Lumber Co. v. Douglas,* 89 Kan. 308, 131 Pac. 563.) So far as the judgment against the contractors is concerned, they were liable irrespective of the bond. There was testimony to the effect that the contractors arranged with plaintiff to furnish the supplies and for fixing the prices to be paid for them. Bills were rendered to the contractors for the supplies furnished, and this was done at their request and one of them promised to pay for the supplies. Some payments were made to plaintiff and these were made by the contractors. The evidence, we think, was sufficient to uphold the judgment against them apart from the obligation they assumed in the signing of the bond.

Some other objections are made by defendants, but they are not deemed to be material upon this appeal.

The judgment is affirmed.