No. 31,855

The Chicago, Rock Island & Pacific Railway Company, *Appellant*, v. Sylvan Percival, as Treasurer, etc., and Rural High School District No. 2 in Sheridan County, *Appellees*.

(37 P. 2d 686)

Opinion filed November 21, 1934.

*Luther Burns* and *J. E. DuMars*, both of Topeka, for the appellant.

*W. L. Sayers*, of Hill City, for the appellees.

The opinion of the court was delivered by

Burch, J.: The action was one by a railway company to recover taxes paid under protest. A demurrer to the answer was overruled, and plaintiff appeals.

The petition alleged that the levy for all school-district purposes for the year 1930, on property in rural high-school district No. 2 in Sheridan county, was 8.13 mills on the dollar; that the limit of levy which could lawfully be made was 6 mills on the dollar; and consequently the levy which was made was excessive to the extent of 2.13 mills. Proper allegations were made of protest and payment under protest of the excessive taxes raised by the unlawful levy.

The answer pleaded these facts: The school district levied taxes for school purposes for the year 1930. The rate was 4.5 mills on the dollar. The board of county commissioners levied taxes to pay interest on the bonded indebtedness of the district. The rate was 1.16 mills on the dollar. The board of county commissioners also levied taxes to retire the bonded indebtedness. The rate was 2.4 mills. Therefore the total levy was 8.13 mills.

The demurrer to the answer reasserted plaintiff's protest that the levy for all purposes could not exceed six mills on the dollar, pursuant to R. S. 72-3506, as subsequently amended.

The board of county commissioners was authorized to make the levies to pay interest on bonds issued by the district and to retire the bonds. (R. S. 72-2004.) The history of this section is given in the opinion in *State, ex rel., v. Lewis,* 138 Kan. 725, 27 P. 2d 250. Therefore, if the levy for 1930 was excessive, it was because of the levy made by the school district itself.

R. S. 72-3506 told what the school district itself might do. The section reads:

"The annual school meeting for the election of officers shall be held at two o'clock p. m. on the day preceding the date of the annual meeting of school districts. The high-school board of each rural high-school district shall meet annually on the third Monday in April at two o'clock p. m. at the high-school building or at such other place as they may agree upon and shall make the necessary levy for taxes, not to exceed six mills on the dollar of valuation on all taxable property in the rural high-school district, to pay teachers, to create a certain fund to retire any indebtedness and pay interest on the same, to purchase a site, to build, hire or purchase a schoolhouse, and to pay the incidental expenses of said high schools. The clerk of said district shall certify the levy to the county clerk, who shall extend the amount on the tax roll, and the county treasurer shall collect and pay over such taxes in the manner provided by law for school districts."

The portion of the statute now important is:

"shall make the necessary levy for taxes, not to exceed six mills on the dollar . . . to pay teachers, to create a certain fund to retire any indebtedness and pay interest on the same, to purchase a site, to build, hire or purchase a schoolhouse, and to pay the incidental expenses of said high schools."

The section was amended in 1925. (Laws 1925, ch. 237.) Part of the amendment is not now material. The portion of the original section just spoken of as important was embodied *verbatim* in the new act, and so was continued in force. (R. S. 77-201, *First.*) A proviso was added to the new section permitting districts in counties having a population of less than 8,000 to levy not to exceed eight mills "for all purposes."

A school district in a small county might need more money in some year or years than a six-mill levy would raise, but such a district could not levy more than eight mills for all the purposes for which the district could make a levy. As indicated, the enumeration of purposes was the same as in the original section. Original section 72-3506 was repealed.

In 1929 the legislature again amended original section R. S. 72-3506. (Laws 1929, ch. 237.) Part of the amendment is not now

material. The amendment incorporated *verbatim* in the new section all of the original section copied above as important.

In the act of 1929 the repeal in 1925 of the original section was apparently overlooked. The legislature could, if it desired, make the original section the basis of new legislation. (*Reynolds v. Board of Education*, 66 Kan. 672, 72 Pac. 274.)

The act of 1929 was complete in itself, and doubtless the act of 1925 was repealed by implication. It did not appear in the 1930 Supplement. Whether repealed or not, the important feature of the previous legislation was continued in force by the 1929 statute, and we are not concerned with a levy in a district in a small county to which alone the proviso in the 1925 act applied.

It may be noted here that in 1931 the 1929 act was amended. (Laws 1931, ch. 267.) Most of the amendment is not material. The important part of the preceding statutes was repeated *verbatim*, and so was continued in force.

Section 14 of chapter 309 of the Laws of 1933 reads as follows:

"The governing body of any rural high-school district is hereby authorized and empowered to levy taxes in each year for the following school purposes, but said governing body shall not fix a rate of levy in any one year on each dollar of the assessed valuation of any such rural high-school district in excess of the following named rate: To pay teachers, to create a fund to retire any indebtedness, and pay interest on the same, to purchase a site, to build, hire or purchase a schoolhouse, and to pay incidental expenses . . . 6.00 mills, not to include bonds and interest. . . ."

The result is that since 1923 the board of county commissioners has been authorized to make levies to take care of bonded indebtedness and interest, and the district itself has been authorized to make levies not to exceed six mills for general school purposes.

Plaintiff contends the provision in the school-district law for a levy of not to exceed six mills for a variety of purposes, including creation of "a certain fund to retire any indebtedness and pay interest on the same," means to pay interest on and to retire bonded indebtedness. The court considered this question in the case of *Missouri, K. & T. Rld. Co. v. Hays*, 119 Kan. 249, 237 Pac. 1029, decided in 1925. The statutes involved were R. S. 72-3506 and 72-2004. The syllabus reads:

"The duty of levying taxes to pay the bonded indebtedness of a rural high-school district is imposed by the statute on the board of county commissioners, and the limit of six mills on the dollar which is placed upon the levy to be made by the district board refers only to taxes for other purposes."

In the opinion the provision in the school-district law, with reference to creation of a certain fund to retire indebtedness and pay interest, was held to relate to school-district warrants.

In the brief for plaintiff soundness of the decision in the M. K. & T. case is questioned. The contentions, consisting chiefly of dogmatic statements about what the law means, will not be outlined or discussed. The decision was tacitly approved by the legislature in the acts of 1929 and 1931, and was virtually adopted in the act of 1933. Also, the court now approves and adheres to the decision.

The judgment of the district court is affirmed.