No. 34,624

The Board of County Commissioners of the County of Harvey et al., *Plaintiffs*, v. The State Commission of Revenue and Taxation of the State of Kansas et al., *Defendants*.

(94 P. 2d 332)

Opinion filed October 7, 1939.

*Kenneth G. Speir,* of Newton, *Lee Stanford,* of Concordia, *Walter Biddle,* of Leavenworth, *L. L. McLaughlin,* of Marysville, *Aldeverd Metcalf,* of Oberlin, *W. C. Jones,* of Olathe, *Wayne W. Ryan,* of Clay Center, *Donald J. Magaw,* of Osborne, and *Orin C. Jordan,* of Beloit, for the plaintiffs.

*Vernon C. Rosenstahl,* of Parsons, and *James D. Dye,* of Ottawa, for the defendants.

The opinion of the court was delivered by

ALLEN, J.: This is an original proceeding in mandamus to compel defendants, the state commission of revenue and taxation, to hear and determine the applications of plaintiffs for authority to make emergency levies for general or maintenance expenses as required by law. The case is before us on a motion to quash the writ.

The plaintiffs, the boards of county commissioners of the several counties, in their petition allege:

"That heretofore each of said plaintiffs adopted a resolution certifying that, in the opinion of each respective board, the rates of levy fixed for their respective counties are so limited as to be insufficient for the raising of funds necessary to supply the needs of said counties for general or maintenance expenses for the fiscal year of 1940, and that an emergency exists; and each of said boards thereafter filed an application with the commission of revenue and taxation of the state of Kansas for authority to make an additional levy, all pursuant to the authority granted under and by virtue of 79-1969 of the General Statutes of 1935 (or pursuant to section 2, chapter 74, Laws of 1938).

"That heretofore and on the 24th day of August, 1939, at the hearing upon the said application of the board of county commissioners of Harvey county, Kansas, one of the plaintiffs above named, the said defendant commission and the defendant commissioners rejected said application and refused to grant any relief thereunder upon the sole ground that said defendants and each of them have no authority to grant any relief to said board of county commissioners of Harvey county, Kansas, because of the action of the legislature in the special session of 1938 at which special session said legislature enacted chapter 74 of the Laws of 1938.

"That said defendants also ruled that they would refuse the application of each of the other above-named plaintiffs for the same reason."

Defendants contend that chapter 74, Laws of 1938, expressly repeals G. S. 1935, 79-1969, and restricts the right to make emergency levies for general or maintenance purposes to boards of education in cities of the first class; that if plaintiffs are to be granted the relief requested in their application this court must hold chapter 74, Laws of 1938, unconstitutional.

Does chapter 74 of the 1938 Special Session Laws restrict the authority of the defendants to grant the applications of the respective plaintiffs?

Section 79-1969 of the General Statutes of 1935 gave the defendants authority to grant all taxing units permission to make tax levies which would exceed the statutory aggregate limit, if an emergency existed, upon application being made for such purpose and after public notice of the time fixed for the hearing thereon. The legisla-

ture, in the special session of 1938, passed House Bill No. 56, entitled "An act relating to tax levies for school purposes in cities of the first class, amending sections 79-1954 and 79-1969 of the General Statutes of 1935, and repealing said original sections." This last-mentioned statute contained four sections. The first section contained the amendment to section 79-1954 of the General Statutes of 1935. The original section and the section as amended related entirely to the rates of levy to be imposed for school purposes by governing bodies of boards of education in cities of the first class.

Section 2 of the act amended section 79-1969 of the General Statutes of 1935. It is a verbatim reënactment of the old section with the exception of the addition of the following provisions:

*"Provided,* That no such authority shall be exercised by the governing body of any board of education in the cities of the first class having a population of more than 90,000 and less than 115,000."

Section 3 of the act expressly repeals section 79-1954 and section 79-1969 of the General Statutes of 1935. Section 4 recites that the act shall take effect and be in force from and after its publication in the official state paper.

G. S. 1935, 77-201, provides:

"In the construction of the statutes of this state the following rules shall be observed, unless such construction would be inconsistent with the manifest intent of the legislature or repugnant to the context of the statute:

*"First.* The repeal of a statute does not revive a statute previously repealed, nor does such repeal affect any right which accrued, any duty imposed, any penalty incurred, nor any proceeding commenced, under or by virtue of the statute repealed. The provisions of any statute, so far as they are the same as those of any prior statute, shall be construed as a continuation of such provisions, and not as a new enactment."

As stated, section 2 of chapter 74, Laws of 1938, is a verbatim copy of G. S. 1935, 79-1969, with the exception of the proviso mentioned. By the very terms of 77-201 the former section 79-1969 was continued in force.

See *Chicago, R. I. & P. Rly. Co. v. Percival,* 140 Kan. 508, 509, 37 P. 2d 686; *State v. Brown,* 146 Kan. 525, 527, 73 P. 2d 19.

As it is conceded section 79-1969 gave the defendants authority to make the order in question, they now have the same power and authority if the act of 1938 is otherwise valid.

It is contended that the act of 1938 violates section 16, article 2, of the constitution, for the reason that it contains more than one subject in the title. The official title of chapter 74, Laws of

1938, reads: "An act relating to tax levies for school purposes in cities of the first class, amending sections 79-1954 and 79-1969 of the General Statutes of 1935, and repealing said original sections."

In *Brewer v. City of Pittsburg*, 91 Kan. 910, 911, 912, 139 Pac. 418, where a similar question was before this court, it was said:

"The appellant insists that the subject of the act is not clearly expressed in its title as the constitution requires. (Const., art. 2, sec. 16.) The title is, 'An act amending and repealing section 1009 of the General Statutes of 1909, and repealing said original section, insofar as it applies to cities of 25,000 or less.' It is first contended that a reference to the original section by chapter and section without stating something of the matter to which it relates is not sufficient. It is the rule in Kansas that the constitutional provision as to the title of acts shall be broadly and reasonably interpreted, and under the liberal rule of construction generally applied it is enough if the title to the amendatory act refers to the original act by chapter and section of an authorized publication of the statutes. The question was expressly determined in *John v. Reaser*, 31 Kan. 406, 2 Pac. 771, where the challenged title was, 'An act amendatory of and supplemental to chapter 25 of the General Laws of 1868.' It was held that that title, which is no more definite than the one under consideration, sufficiently stated the subject matter of the act. Amendatory acts with such titles are not uncommon in this state, and those which have been challenged on this ground and which have been otherwise sufficient have been upheld. (*Philpin v. McCarty, Supt., &c.*, 24 Kan. 393; *Burroughs v. Comm'rs of Norton Co.*, 29 Kan. 196; *Ireton v. Laubner*, 9 Kan. App. 561, 58 Pac. 278; see, also, 36 Cyc. 1029.) If the amendatory act is not germane to the original act or its provisions are not fairly included in the title to the original act, that part of the amendatory act not within the title of the original would be invalid. (*The State, ex rel., v. Bankers', etc., Association*, 23 Kan. 499; *The State, ex rel., v. Pierce*, 51 Kan. 241, 32 Pac. 924.) The new matter in the amended act is germane to the subject of the original act, and the title of the original is sufficiently broad to cover everything embraced in the amended act."

See, also, *State v. Butler County*, 77 Kan. 527, 94 Pac. 1004; *Wolfe Tire Corp. v. Stanton*, 133 Kan. 713, 716, 3 P. 2d 698.

The constitution requires that no bill shall contain more than one subject. The act of 1938 deals with one subject, the limitations of tax levies, and does not, therefore, contravene the constitutional provisions.

We think the act of 1938 was a valid enactment and that under its provisions the defendants had ample authority to grant the applications of the respective plaintiffs. The motion to quash is overruled, and the writ of mandamus is allowed.

HARVEY and SMITH, JJ., not sitting.