# E. R. Cassatt v. The Board of Commissioners of Barber County *et al.*

| | |
|---|---|
| 39 | 505 |
| 41 | 19 |
| 41 | 21 |
| 39 | 509 |
| 48 | 85 |
| 39 | 505 |
| 49 | 251 |
| 39 | 505 |
| 52 | 686 |
| 39 | 505 |
| 69 | 653 |
| 39 | 505 |
| f72 | 470 |

Mandamus — *Writ to Compel Levy of Taxes, When.* A peremptory writ of mandamus will not be issued against a board of county commissioners to compel it to levy taxes upon the taxable property situated within a school district to pay interest, etc., on the bonds of the school district, unless the right is clear and the school district has had an opportunity to be heard.

*Original Proceeding in Mandamus.*

Action brought in this court on April 5, 1887, by *Cassatt* against the *Board of Commissioners* of Barber county, and others, to compel the levy of a certain tax. The material facts are stated in the opinion, filed at the June, 1888, session of the court.

*Bowman & Bucher*, for plaintiff.

*Gillett & Whitelaw*, and *Webb, Campbell & Spencer*, for defendants.

The opinion of the court was delivered by

Valentine, J.: This is an action of mandamus, brought originally in this court by E. R. Cassatt against the board of county commissioners of Barber county, and C. H. Douglass, W. W. Cook and John McGrath, the members of such board, to compel them to levy taxes upon all the taxable property situated·in School District No. 51 of said county, for the purpose of creating a sinking fund to pay certain bonds alleged to have been issued by School District No. 2 of said county, and also of creating a fund to pay the matured and maturing coupons upon such bonds. The first alleged bond is for $2,500, and purports to have been issued on September 3, 1873, by said School District No. 2, to "C. H. Douglass, or bearer," and is signed by "T. P. Whitaker, Director," and H. G. Triggs, Clerk." The other bonds are four in number, three of which are for $500 each, and one for $100, and they pur-

port to have been issued on August 1, 1881, by said School District No. 2, to "J. E. Neal, or bearer," and are signed by "C. H. Douglass, Director," and "Wm. N. Wilson, Clerk." The plaintiff is now the owner of all these bonds. Neither School District No. 2 nor School District No. 51 has been made a party to this action, but only the parties above mentioned.

The defendants have answered, setting up various defenses, among which are the following: That said $2,500 bond was not issued by School District No. 2, nor by any other school district; that at the time when the bond purports to have been issued no such school district had any existence, and that School District No. 2 did not have any existence prior to the year 1878; that all the bonds purporting to have been issued by that school district are fraudulent and void; that School District No. 51 is not the successor to School District No. 2, and is not composed of the same territory of which School District No. 2 is or was composed; and it is claimed by the defendants that before any of the rights of School District No. 51 can be determined by this court, such school district must be made a party, and must have an opportunity to be heard. Of course it must be admitted that School District No. 51 is the real party in interest in this case. The board of county commissioners is only a nominal party. Such board properly represents only Barber county, and not any school district within said county. If this was an action for an injunction instead of an action for a writ of mandamus, there could be no question as to the correctness of the claim made by the defendants. (*Hays v. Hill,* 17 Kas. 360; *A. T. & S. F. Rld. Co. v. Wilhelm,* 33 id. 206. See also the following cases: *The State v. Anderson,* 5 Kas. 90; *Gilmore v. Fox,* 10 id. 509; *Voss v. School District,* 18 id. 467.) But is not the claim of the defendants good although made in an action of mandamus? It is true that although school districts issue their own bonds and are alone liable therefor, and that the bonds can be paid only from funds raised by taxation upon property situated within their own territory; or in other words, although school dis-

tricts, and they only, are the real parties in interest, yet whenever it is sought to have taxes levied on property within the district to pay the bonds of the district or the interest thereon, the board of county commissioners alone must, under the statutes of the state, levy such taxes. (Comp. Laws of 1885, ch. 92, § 199.) The school-district board has nothing to do with levying the taxes. Therefore it would seem that the writ of mandamus to compel the levying of such taxes could be issued only against the board of county commissioners, and that the school district could not in any case be made a party to such an action, for it could not in such an action be asked to do anything. But this question we shall leave undecided for the present. For the purposes of this case it will be assumed that if the bonds themselves were the bonds of the county instead of the bonds of the school district, mandamus against the board of county commissioners would be the proper remedy. It will also be assumed that if the statute authorized the school board instead of the county board to levy the taxes, mandamus against the school board to compel it to levy the taxes would be the proper remedy. It will also be assumed that if no question existed as to the liability of School District No. 51 to pay the bonds and the interest thereon, a writ of mandamus might be issued against the county board to compel it to levy the taxes; and it will also be assumed that if a judgment had already been obtained against School District No. 51, adjudging that it was liable on such bonds, the writ of mandamus might be issued in an action against the county board alone to compel it to levy the taxes. But none of these cases is the present case. In the present case it is claimed that the bonds themselves are void, which presents a question which can properly be settled only in an action between the holders of the bonds and the school district.

But even if the bonds are valid, still it is claimed that School District No. 51 is not liable upon them, but only School District No. 2; and while it is alleged in the plaintiff's petition that a judgment was once obtained against School District No. 2, adjudging it to be liable on the bond issued in 1873,

yet it is not claimed that any judgment has ever been rendered against School District No. 51; and if School District No. 51 had an opportunity to be heard, it might say that even the judgment rendered against School District No. 2 was obtained fraudulently. But supposing such judgment to be valid, still it is alleged by the defendants that School District No. 51 is not the successor of School District No. 2; and also that since the judgment was rendered against School District No. 2 and before the commencement of this action, the treasurer and the sheriff of Barber county have been perpetually enjoined from collecting taxes levied for the payment of the matured and maturing coupons on all the aforesaid bonds.

It certainly would not be proper to issue a peremptory writ of mandamus in the present case. Ordinarily, before such a writ can be issued it must appear that the party asking for it has a clear and specific legal right thereto. Such does not appear in the present case. Nor could it properly be made to appear in a case where the party really interested in resisting the writ has had no opportunity to be heard. Courts frequently refuse to grant the writ, even where the party really interested in resisting the writ has been made a party, if the facts are disputed and the rights of the parties have never been settled by an ordinary action at law. In Wisconsin it has been decided as follows:

"On the hearing of an order to show cause why a peremptory *mandamus* should not issue in this case, to enforce the levy and collection of a tax to pay interest upon bonds of a city, the validity of the bonds was questioned by the city, and various questions, both of law and of material facts affecting their validity, were raised. *Held*, That it was error to grant the writ before the relator had established his right in an ordinary action at law." (*The State, ex rel., v. Mayor of Manitowoc*, 52 Wis. 433. See also the numerous cases there cited.)

In this case the facts are disputed; the bonds are claimed to be fraudulent and void; they do not purport to be the bonds of the party sought to be held liable on them; and the party really interested in disputing the validity of the bonds and the right of the plaintiff to recover or to a writ of mandamus,

The State, *ex rel.*, v. Dennis.

whether this party is School District No. 2 or School District No. 51, has not been made a party to this action, and School District No. 51, which it is sought to have held liable by this action, has never had any opportunity of being heard.

The peremptory writ of mandamus will be refused.

All the Justices concurring.