[No. 2898.  Decided May 31, 1898.]

THE STATE OF WASHINGTON *on the Relation of J. W. Witherop, Respondent,* v. JOHN F. BROWN *et al., Appellants.*

MANDAMUS — PARTIES — DEMAND — ASSESSMENTS AGAINST IRRIGATION
DISTRICTS.

Where it is made the duty of the county commissioners to make an assessment to pay the interest upon the bonds of an irrigation district, upon the failure of the district directors to make provision therefor, mandamus will lie to compel the county commissioners to levy such assessment, if the right to relief is clear, and in such an action the irrigation district is not a necessary party, when the legality of the bonds has already been determined in another action to which it was a party.

Demand upon the officers of an irrigation district to make an assessment to pay interest on bonds is unnecessary, when by unreasonable delay they have lost the power to make the levy and the duty has devolved upon the county commissioners.

Appeal from Superior Court, Kittitas County.—Hon. JOHN B. DAVIDSON, Judge.  Affirmed.

*Kirk Whited, Edward Pruyn,* and *H. J. Snively,* for appellants.

*Graves & Englehart,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—Mandamus proceedings were commenced against the board of county commissioners of Kittitas county, Washington, to compel the levy of a tax by said commissioners to pay the interest upon certain alleged bonds of the middle Kittitas irrigation district, the same being a district alleged to have been organized under the act of the legislature of the state of Washington entitled "An Act providing for the organization and government of irrigating districts and the sale of bonds arising there-

from, and declaring an emergency," approved March 20, 1890 (Gen. Stat. §§ 1784-1861). The complaint alleged the authorization and issuance of the bonds of the district, that the plaintiff was the purchaser, owner and holder of certain bonds issued under such authorization, that the interest on said bonds had not been paid when due, and asked that the commissioners be compelled to levy an assessment sufficient to pay said interest. The answer denied the material allegations of the complaint and set up three affirmative defenses. A demurrer was interposed to the affirmative defenses and was sustained as to the first and second. We think the demurrer was properly sustained and should have been sustained as to the third affirmative defense, for the third affirmative defense is not a defense under the statute, but, if it amounts to anything, is an argument on the propositions involved in the case. No appeal, however, was taken by the respondent from the refusal of the court to sustain the demurrer to the third affirmative defense. There is no question but that the allegations of the complaint were proven. No proper exceptions to the findings of fact appear in the record, and, if such exceptions had been taken, an examination of the record in detail convinces us that the findings were sustained by the testimony, so that, if there are any questions in this case for this court to determine, they are purely questions of law, and the first is, was there a defect of parties defendant in this proceeding by reason of the middle Kittitas irrigation district not being made a party defendant? It was strenuously insisted by the counsel for the appellant in his oral argument that the property of the district could not be taken in an action where the district was not a party, and the case of *Cassatt v. Board of County Com'rs*, 39 Kan. 505 (18 Pac. 517) was cited as a case directly in point sustaining that proposition. But

an examination of that case convinces us that it has no
application whatever to the case at bar.    There it was
decided that a peremptory writ of mandamus would not
be issued against a board of county commissioners to com-
pel it to levy taxes upon the taxable property situated
within a school district to pay interest on the bonds of the
school district, unless the right was clear and the school
district had an opportunity to be heard.    Without pur-
suing that decision further, it does appear in this case
that the right is clear and that the irrigation district had
had an opportunity to be heard on the proposition of the
legality of these bonds, for finding No. 4 of the court,
following the findings which show that the board of direc-
tors of this district for the purpose of constructing neces-
sary irrigation canals had submitted the question of rais-
ing $200,000 to the electors of the district and that said
election was regularly and duly held in pursuance of said
call and notice of election and that the majority of the
votes cast at said election were in favor of said bonds, was
as follows:

" That thereafter and prior to the sale and delivery of
said bonds as hereinafter found, the board of directors of
said irrigation district commenced a proceeding in the
superior court of Kittitas County, state of Washington,
praying that the proceedings for the organization of said
district and all proceedings and elections providing for and
authorizing the issue and sale of the bonds aforesaid might
be examined, approved and confirmed by said court;    and
such proceedings were thereafter had in said cause that on
the —— day of October, 1897, the superior court of said
Kittitas County, entered an order and judgment in all mat-
ters and things approving and confirming the legality and
validity of said bonds, and each and all of the proceedings
for the issuance of said bonds from and including the pe-
tition for the organization of the district down, and to the
order for the sale of said bonds, which said judgment now
stands and has not been in any manner reversed."

So that it will be seen that in that action, to which the district was a party, all questions relating to the rightful issue of these bonds were determined in favor of the validity of the bonds, and the assertion is scarcely needed that the district is bound by this judgment and that it could not, if it had been made a party to this action, have raised any of the questions determined by said judgment.

High on Extraordinary Legal Remedies (2d ed.), § 440, lays down the rule as follows:

"As regards the joinder of parties respondent in writs of mandamus, the first general principle to be observed is, that the writ should run to the person or body whose duty it is to perform the act required. It will not, therefore, lie to one person to command another to do the required act. Nor is it the practice to make any other persons parties respondent than the officer whose conduct is complained of."

The same rule is announced on page 219 of 14 Am. & Eng. Enc. Law, and the cases cited fully sustain the announcement. In this case, under the statute of 1890 it was the duty of the county commissioners, the directors of the district not having acted in accordance with the law, to make this assessment. It being their duty to perform this act, the writ of mandamus was the proper remedy to compel them to do so. In addition to the general propositions of law as sustained by the authorities, our code specially authorizes this procedure in a case of this kind. Section 5755, Bal. Code (Laws 1895, p. 117, § 16) provides that a writ of mandamus may be issued by any court, except a justice's or a police court, to any inferior tribunal, corporation, board or person, to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust or station. As we have seen, it was the duty of the county commissioners, upon the omission of the directors of the irrigation company, to make the assessment.

It is also contended that no demand was made for this assessment. It was specially found by the court and was proved in the testimony that a demand was made upon the commissioners. We think under the law and the facts in this case that no demand was necessary so far as the directors were concerned. The authorities are somewhat at variance on the question of the necessity of a previous demand, but the great weight of authority seems to be that which recognizes the distinction between duties of a public nature and duties of a merely private nature affecting only the rights of individuals; and that, where the person aggrieved claims the immediate and personal benefit of the act, a demand is evidently necessary as a condition precedent to relief, but that, where the duty is strictly of a public nature and there is no one specially empowered to demand its performance, there is no necessity for a literal demand and refusal, and that in such case the law itself stands in lieu of the demand and the neglect to perform the duty in lieu of the refusal. High, Extraordinary Legal Remedies, § 13; 89 Am. Dec. 731, note. In this case the demand would have been futile and unnecessary upon the officers of the irrigating district because under the terms of the law they had become powerless to make the assessment, and the duty had devolved upon the county commissioners. In addition to this, an unreasonable delay in the performance of the duty by a public officer is held equivalent to a refusal, and sufficient to justify granting relief. 2 Dillon, Municipal Corporations (4th ed.) § 866.

We see nothing to convince us that the law in this case is unconstitutional and have not been able to find any errors that were committed by the trial court. The judgment will therefore be affirmed.

Scott, C. J., and Reavis, Gordon and Anders, JJ., concur.