SCHOOL DISTRICT NO. 127, OF RENO COUNTY, V. SCHOOL
DISTRICT NO. 45, OF RENO COUNTY.

No. 16,145.

SYLLABUS BY THE COURT.

1. TAXATION—*Levy—School District—Annual Meeting.*  Where
   the electors of a school district, at a regular annual school
   meeting, vote a tax on the taxable property in the district
   at a rate authorized by law and such as the meeting deems
   sufficient for the various school purposes, and the clerk of the
   school district certifies the amount so levied to the county
   clerk, this constitutes the levy of a school tax at such rate
   on all the real and personal property in the school district.
   (Gen. Stat. 1901, §§ 6127, 6172, 6191.)

2. ———— *Power to Levy a Legislative Function.*  The power of
   levying taxes is a legislative function, and the power abides
   only in the annual school meeting to determine the rate of
   taxation sufficient for the various school purposes.

3. ———— *Extension of Tax on Tax-rolls—Ministerial Duty.*
   The duty of the county clerk to extend the taxes so levied
   upon the assessment rolls of the county is purely a ministerial
   function, and, unless such levy has been made, the extension
   of an assessment upon a tax-roll affords no authority for the
   collection of the tax.

4. ———— *Effect of Mistake in Extending Tax on Tax-rolls.*  A
   mistake of the county clerk in extending upon the tax-rolls
   an assessment against the property in a school district at a
   less rate than that levied at the annual school meeting and
   certified by the clerk thereof does not deprive the school dis-
   trict of its right to the sum collected through such erroneous
   extension.

Error from Reno district court; PETER J. GALLE,
judge.  Opinion filed July 3, 1909.  Affirmed.

STATEMENT.

THIS action was commenced by school district No. 45
against school district No. 127.  The petition alleged,
in substance, that the two districts adjoin in Reno
county; that on or about July 13, 1907, the county su-
perintendent of schools by regular proceedings attached

41—80 KAN.

a strip of land to school district No. 45 which theretofore had constituted a part of school district No. 127, and made a proper record of such change and duly recorded a proper map thereof in his office, no appeal being taken from such proceeding; that at the regular annual school meetings held in the respective districts thereafter and in the same month the electors of school district No. 45 voted a levy of twenty-five mills on the dollar on all taxable property in that district, and the electors of school district No. 127 voted a levy of thirteen mills on the dollar for school purposes on the property in that district; that such levies were voted by the electors of the respective districts with the full understanding and knowledge of the change in boundaries; that in making up the tax-roll for 1907 the county clerk of the county, by mistake, overlooked the change in boundaries and entered upon the tax-roll the tax of thirteen mills voted by school district No. 127 upon the property in the strip of land which had been detached from school district No. 127, and failed to enter on the tax-roll the tax voted by school district No. 45 against the property in such strip of land; that the county treasurer collected the thirteen mills on the dollar as to such territory, instead of twenty-five mills on the dollar as voted by school district No. 45, amounting in the aggregate to $321.13; and that the school officers of school district No. 127 received from the county treasurer that sum with full knowledge of the facts stated and refused to pay the same to the plaintiff district or to return the money to the county treasurer, although demand had been made therefor. Judgment was prayed for in the amount stated, with interest.

To this petition school district No. 127 filed a general demurrer, which was overruled. The defendant elected to stand on its demurrer, and judgment was entered as prayed for in the petition. The defendant prosecutes error.

*F. F. Prigg,* and *C. M. Williams,* for the plaintiff in error.

*Frank L. Martin,* for the defendant in error.

The opinion of the court was delivered by

Smith, J.: The facts recited in the statement leave no question of the want of jurisdiction in school district No. 127 to levy any tax against the land or property detached therefrom and attached to school district No. 45. It is equally apparent that school district No. 127 did not make or attempt to make any levy of any tax on the property for the year in question. It also appears from the petition that school district No. 45 did legally levy a tax on the property, though at a higher rate than was extended on the tax-rolls and collected by the county treasurer.

The word "levy," as applied to taxes, is used in various meanings; but, as applied to the determination of the amount or rate of taxes to be charged to the collective body of taxpayers, it is a legislative function, to be exercised only by the state or by some inferior political division thereof to which the power is delegated by the laws of the state. On the other hand, the duty of the county clerk to extend the levy upon the tax-rolls of the county is purely ministerial, and, unless a legal levy has previously been made, affords no warrant for the collection of a tax. (27 A. & E. Encycl. of L. 729, 730, and notes; 5 Words & Ph. Jud. Def. 4101, and cases there cited.)

It can not be said that the county clerk extended on the rolls a levy by school district No. 127 against the property in the strip attached to school district No. 45, as there was no such levy to extend. The county clerk, whatever was in his mind, simply extended upon the tax-rolls, against the property in the detached strip, a levy less in amount than had been legally made by school district No. 45. Neither his action in this respect nor the fact that a higher rate should have been ex-

tended and collected can deprive school district No. 45 of the money which was lawfully collected for it. The mistake of the county treasurer in paying money which belonged to school district No. 45 to the treasurer of school district No. 127 gave no right to the latter to retain the same or to refuse the demand of school district No. 45 therefor.

The order and judgment of the district court is affirmed.