No. 26,171.

MISSOURI, KANSAS & TEXAS RAILROAD COMPANY, *Appellant,* v. J. W. HAYS, as County Treasurer of Linn County, and the HIGH-SCHOOL BOARD OF RURAL HIGH-SCHOOL DISTRICT No. 1 OF LINN COUNTY, *Appellees.*

SYLLABUS BY THE COURT.

1. SCHOOLS—*Taxation—Levy and Amount of Tax.* The duty of levying taxes to pay the bonded indebtedness of a rural high-school district is imposed by the statute on the board of county commissioners, and the limit of six mills on the dollar which is placed upon the levy to be made by the district board refers only to taxes for other purposes.

2. CONSTITUTIONAL LAW—*Legislative Power—Delegation of Legislative Function.* It is competent for the legislature to delegate to the board of county commissioners the legislative function of levying taxes to apply on the bonded debt of a school district within the county.

Appeal from Linn district court; EDWARD C. GATES, judge. Opinion filed July 11, 1925. Affirmed.

1. Schools, 35 Cyc. p. 1003.  2. Id., 35 Cyc. p. 1000.

*W. W. Brown, C. E. Pile,* all of Parsons, and *Douglas Hudson,* of Fort Scott, for the appellant.

*H. D. Reeve,* county attorney, and *John O. Morse,* of Mound City, for the appellees.

The opinion of the court was delivered by

MASON, J.: The Missouri, Kansas & Texas Railroad Company brought this action to recover part of the tax paid by it for the benefit of rural high-school district No. 1 of Linn county, upon the ground that to this extent the tax was excessive and illegal. The plaintiff was denied relief and appeals.

1. The rural high-school board, at its annual meeting in April, 1923, decided that it was necessary to raise $16,000 by taxation to meet the running expenses of the school and pay off a part of the floating debt—evidenced by warrants, not by bonds—and voted a levy of that amount, which was certified to the board of county commissioners. To raise this sum required a levy of six mills on the dollar. There were bonds of the district outstanding to meet obligations on which a levy of one and six-tenths mills was needed. The county commissioners directed the county clerk to compute and extend against the property of the district a levy of six mills for general purposes and one and six-tenths mills for bond indebtedness. The plaintiff contends that the total of seven and six-tenths mills was one and six-tenths in excess of what was authorized by the statute.

The question presented is whether the statute permits a levy of a tax of six mills to meet the expenses of a rural high-school district other than the payment of the principal and interest of bonds it has issued, or whether the levy for the amount required to meet the bonded debt has to come out of the six mills maximum. This turns upon whether the statute concerning taxation to meet the bonded debt of an ordinary school district is made applicable to rural high-school districts, or whether the language of the rural high-school act itself relating to the levy of taxes applies to bonded indebtedness as well as to other expenses. That act contains these provisions:

"The rural high-school board, . . . except as herein provided, shall have the powers prescribed by law for school-district boards. . . . Except as herein provided, the laws relating to the issuing of school-district bonds shall apply to rural high-school districts formed in accordance with this act." (R. S. 72-3507.)

"The high-school board of each rural high-school district shall meet annually on the third Monday in April at two o'clock p. m., . . . and shall make the necessary levy for taxes, not to exceed six mills on the dollar of valuation on all taxable property in the rural high-school district, to pay teachers, to create a certain fund to retire any indebtedness and pay interest on the same, to purchase a site, to build, hire or purchase a schoolhouse, and to pay the incidental expenses of said high schools." (R. S. 72-3506.)

The statute concerning the levy of taxes to pay bonds issued by a school district, which has been in force since 1879, reads:

"It shall be the duty of the board of county commissioners of each county to levy annually upon all the taxable property in each district in such county a tax sufficient to pay the interest and the bonds issued by such district as they mature, such levy to be made with the annual levy of the county, and the taxes collected with other taxes, and when collected shall be and remain in the hands of the county treasurer, a specific fund for the payment of the interest upon such bonds and for their payment as they mature." (R. S. 72-2004.)

The language of section 72-3506, requiring rural high-school boards to make the necessary levy for taxes "to pay teachers, to create a certain fund to retire any indebtedness and pay interest on the same, to purchase a site, to build, hire or purchase a schoolhouse, and to pay the incidental expenses of said high schools," if considered alone, may seem intended to cover taxes to pay bonds. It has, however, a field of operation without including them; for the district may issue warrants or notes payable in the future (*School District v. Bank,* 63 Kan. 668, 669, 66 Pac. 630; *The State, ex rel., v. School Board,* 110 Kan. 779, 783, 204 Pac. 742). The district here involved had outstanding warrants amounting to some $17,000. It is noticeable that while the clause quoted enumerates the various items of expense in some detail it does not in terms refer to bonds. We regard the omission to name this highly important and common form of indebtedness as especially significant in view of the provision of the statute that, except as otherwise provided, the laws relating to the issuing of bonds of ordinary school districts shall apply in the case of rural high schools. That provision seems adapted and intended to preserve with reference to rural high-school districts the long-established policy of placing upon the county commissioners the authority and duty of levying taxes to pay the bonded indebtedness of school districts. We adopt that construction and hold the limit of six mills placed upon the tax levy to be made by the rural high-school board to relate only to taxes other than those to pay bonded indebtedness.

The reasonableness of this interpretation is recognized in the brief of the plaintiff, for while a different construction is contended for, it is there said:

"There is but one proposition in this cause. The correctness of the decision of the lower court depends entirely upon the construction to be given section 72-2004, R. S. 1923.

"In section 72-2004, *supra,* it is provided that it shall be the duty of the board of county commissioners to annually levy upon the taxable property in each district a tax sufficient to pay the bonds issued by such district and the interest on them as they mature. The entire question before this court turns on the construction to be given to the word 'levy' as used in this statute."

2. The plaintiff contends that whether applied to ordinary school districts or to rural high-school districts, the statute contemplates the actual levy of the bond tax by the school board, the duty of the county commissioners in the matter being merely to have the tax properly entered upon the roll and collected; that the actual levy of the tax is a legislative function and the county board is not the legislative body of a school district. This contention is elaborately argued in the brief. We deem it unnecessary to follow the argument in detail. It is true, as suggested, that the word "levy" is sometimes used to designate some proceeding other than the actual levy, which is a legislative act. (*School District v. School District,* 80 Kan. 641, 643, 103 Pac. 126.) In the section referred to (R. S. 72-2004) we think it is used in its strict sense, meaning the determination of the amount of tax to be charged against the property of the district. By the express terms of the Kansas constitution "the legislature may confer upon tribunals transacting the county business of the several counties such powers of local legislation and administration as it shall deem expedient." (Art. 2, § 21.) Under this authority we think it competent for the legislature to vest in the county commissioners power to levy taxes for school districts within the county, notwithstanding they are not coextensive territorially with the county, and are organized for a purpose not as closely allied with the general purposes of a county as are townships, for instance. The question argued seems not to have been heretofore presented to the court, but the statute has been treated by it as imposing upon the county board the duty of making an actual levy of taxes to pay a school district's bonded debt. (*Cassatt v. Comm'rs of Barber Co.,* 39 Kan. 505, 18 Pac. 517.)

The judgment is affirmed.