Leonard L. Buddenbohm Atchison County Counselor 107 N. Sixth Street P.O. Box 332 Atchison, Kansas 66002
Dear Mr. Buddenbohm:
You request our opinion regarding K.S.A. 12-1,101(e). Specifically you question the timing for cessation of collection of gross earnings taxes that the voters of a taxing subdivision have elected to eliminate under the provisions of this section.
K.S.A. 12-1,101(e) provides in pertinent part:
 "On or after January 1, 1983, upon submission of a petition which is in conformance with the provisions of article 36 of chapter 25 of the Kansas Statutes Annotated, and amendments thereto, and is signed by not less than 5% of the qualified electors of a county, city or township levying a tax under the provisions of this act requesting the same, the governing body of such taxing subdivision shall be required to submit to the electors of such taxing subdivision at the next state general election or general election held for the election of officers of such taxing subdivision a proposition which shall be placed on the ballot in substantially the following form: `Shall _______ (county) (city) (township) eliminate the tax on gross earnings derived from money, notes and other evidence of debt and be authorized to impose and levy property taxes, in addition to any aggregate levy amount limitation on the taxing subdivision's ad valorem tax levy authority, as may be necessary to offset the revenue lost from elimination of the tax on gross earnings derived from money, notes and other evidence of debt?' . . . If a majority of the electors voting thereon at such election shall vote in favor of such proposition, . . . the township board shall provide by resolution . . . that no tax shall be levied upon gross earnings derived from money, notes and other evidence of debt as follows: When such election is held prior to August in any year, the resolution or ordinance shall provide that no such tax shall be levied thereon in the calendar year following the year of such election and in each year thereafter, and when such election is held in August or thereafter of any year, the resolution or ordinance shall provide that no such tax shall be levied thereon in the second calendar year following the year of such election or in any year thereafter." (Emphasis added).
The taxing subdivision in question, a township in Atchison county, held an election in November of 1992. That election resulted in a vote in favor of eliminating the tax. You interpret the above quoted provision to require the township to cease assessing the tax in 1994, but that the township may collect in 1994 the taxes assessed in 1993. Others apparently interpret the statute to require the township to cease collecting the tax after 1993. Clearly 1994 is the second calendar year following the year of the election, which was 1992. The controlling issue is the meaning to be ascribed to the phrase "no such tax shall belevied thereon" (emphasis added).
The Kansas Supreme Court has stated that "[t]he word `levy' as applied to taxes, is used in various meanings. . . ." School District No. 127v. School District No. 45, 80 Kan. 641, 643 (1909). The term "levy" is defined in Black's Law Dictionary to include both the assessment and the collection of a tax. Blacks 907 (6th Ed. 1990). But see Blacks Law Dictionary 1462, definition of "tax levy" (6th Ed. 1990). However, as used in the Kansas statutes, and particularly K.S.A. 12-1,101, we believe the term "levy" has a meaning distinct from the concept of collection. As described below the statutory scheme makes sense only if levy means the act of assessing (i.e. imposing, calculating and certifying as due) the tax.
The levy of ad valorem property taxes is provided for generally in article 18 of chapter 79 of the Kansas Statutes Annotated. Collection of such taxes is provided for in a separate article (article 20, chapter 79), thus establishing a general legislative distinction between the two terms. Taxing subdivisions generally determine their levy amounts in August of each year, after preparing the budget for the following calendar year, and certify such to the treasurer so that tax statements may go out in November. The tax is actually due on November 1 (K.S.A.79-1804), but collection does not occur until later in most instances. K.S.A. 1992 Supp. 79-2001 (tax statements are to be sent by December 15); K.S.A. 1992 Supp. 79-2004 and 79-2004a (payment may be made in full by December 20, or half by December 20 and the other half by June 20 of the following year); K.S.A. 1992 Supp. 79-2017 and 79-2101 (collection of delinquent taxes begins on February 16 for the first half and July 1 for the second half).
With regard to the gross earnings tax, taxpayers are to file returns with the department of revenue on or before April 15 for earnings received the previous calendar year. On or before June 30, the department is to certify to the county clerk of each county the amount of taxable earnings received by each taxpayer during the preceding calendar year. The clerk then computes the tax and certifies the amount to the county treasurer. K.S.A. 12-1,104. The county treasurer includes the amount of the gross earnings tax on the personal property tax statement of the taxpayer and the tax is to be collected in the same manner as personal property taxes are collected. K.S.A. 12-1,106. Thus, a tax levied in 1993 would be partially collected in 1993 and partially collected in 1994 (with collection procedures for delinquent taxes not coming into play until 1994). The tax levied in 1993 and at least partially collected in 1994 is for earnings received in 1992. With this in mind, we believe the legislature intended for taxing subdivisions to be able to levy based on the most recently completed budget so that if the election occurs before August, there will be no levy in the following year for earnings received in the current year. (The taxing subdivision has time to budget and certify property taxes accordingly). For elections occurring August 1 or later, the levy could be made the following year, based on earnings received the year of the election, so that the taxing subdivision will not have to revise its completed budget for the following calendar year or recertify its property tax levy. The statutes do not require the taxing subdivision to cease collecting taxes that were properly imposed just because the collection occurs in a year subsequent to that in which the levy occurred.
In conclusion, when gross earnings tax is eliminated pursuant to K.S.A. 12-1,101 on or after August 1, the taxing subdivision may collect taxes that are levied the following calendar year even though such collection efforts extend into subsequent years.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
RTS:JLM:jm